Sidney MORRIS, Plaintiff-Appellant,

v.

OCEAN SYSTEMS, INC.,
Defendant-Appellee.

No. 83–2162
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 19, 1984.

Benton Musslewhite, Houston, Tex., for plaintiff-appellant.

Fulbright & Jaworski, Theodore Goller, Edward W. Szczepanski, Houston, Tex., for defendant-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Morris, alleging he was a seaman, sued his employer ("Ocean Systems"), for personal injuries arising out of the latter's negligence and the unseaworthiness of its vessel and equipment. Morris appeals the district court's sua sponte order of involuntary dismissal for the plaintiff's failure to prosecute. Fed.R.Civ.P. 41(b). Finding that the record does not support a finding of contumacious conduct or a clear record of unexplained delay, we reverse the dismissal.

## I.

The order of involuntary dismissal was entered on January 25, 1983. At that time, so far as the record before us shows, the formal actions or pleadings in the case were as follows:

1. Complaint filed August 18, 1981;

2. Ocean System's answer filed November 19, 1981;

3. Motion of the defendant to dismiss (on time-bar grounds) or in the alternative for summary judgment, filed May 24, 1982;

4. Motion of the plaintiff for the court to defer ruling upon the defendant's motion so that the plaintiff could engage in discovery, filed October 5, 1982; with this motion was filed a notice by the plaintiff Morris of intent to take an oral deposition of Ocean Systems employees with respect to the question of laches;

5. Response by the defendant, filed October 18, 1982, that the doctrine of laches was not applicable and that there was no need to defer ruling insofar as the motion was to dismiss the plaintiff's Jones Act claim as time-barred; the response further pointed out that the plaintiff had failed to respond to the defendant's motion within ten days of an order of May 28 (not in the record) to such effect;

6. Notice of intent by the plaintiff to take depositions of Ocean System's employees with respect to various matters, filed December 8, 1982.

During this period, however, other events not formally reflected in the record took place. These include chambers or status conferences (which were, of course, known to the district court). They also include settlement efforts and the efforts of the plaintiff's counsel to secure substitute counsel (which were *not* known to the court or communicated to it by the plaintiff's counsel). The latter were brought to the court's attention by exhibits and attachments to the plaintiff's timely motion of February 24, 1983 for a new trial from the involuntary dismissal of January 25, and they stand uncontradicted in the record. These, as we ultimately hold, negative contumacious conduct or a clear record of unwarranted delay, prerequisite for an involuntary dismissal with "of-prejudice" consequences, so that the district court erred in denying the new trial sought as to the dismissal.

The unprofessional carelessness of the plaintiff's counsel in bringing these matters to the attention of the court is, of course, not readily excusable; but the drastic remedy of an involuntary dismissal with "of-prejudice" consequences may not under our jurisprudence be visited upon a client because of his attorney's deficiencies in professional courtesy. Before detailing this further showing, we deem it appropriate to set forth in full the order of involuntary dismissal entered by the district court on January 25, 1983 in understandable exasperation with Mr. Musselwhite, the plaintiff's lead counsel:

On May 21, 1982, a status conference was held in the above cause. Counsel for the Defendant represented to the Court that it had made an offer to settle the case for $5000.00. Counsel for the Plaintiff represented to the Court that he would recommend to his client that he accept the offer, and that if the Plaintiff did not accept it, counsel would withdraw from the case. The Court gave counsel

for the Plaintiff 90 days to get authority from his client to settle the case or withdraw.

No further communication was made to this Court by counsel for the Plaintiff until October 5, 1982, when counsel for the Plaintiff filed a motion to defer ruling on defendant's motion to dismiss or in the alternative for summary judgment, and a notice of intent to take deposition. Kenneth Craig, who had appeared at the status conference for the Plaintiff on behalf of Benton Musselwhite, the Plaintiff's attorney of record, had left Mr. Musselwhite's firm. Because there was some confusion over what had transpired at the status conference, the Court called Mr. Craig and James Warren, the attorney who appeared at the status conference for the Defendant, for a hearing on the matter on December 1, 1982, rather than dismiss the case for failure to prosecute.

At the hearing on December 1, the Court gave counsel for the Plaintiff seven days to either secure agreement from the Plaintiff to the settlement offer or to withdraw from the case. Mr. Musselwhite did not attend this hearing, but Mr. Craig communicated the Court's requirements, including the deadline, to Mr. Musselwhite immediately thereafter, and followed up with a letter to the same effect on the next day.

Since that time, there has been no communication with either this Court or with the clerk's office concerning Mr. Musselwhite's withdrawal from the case. There has been no communication with either this Court or with counsel for the Defendant concerning the Plaintiff's acceptance of the settlement offer. Mr. Goller, counsel of record for the Defendant, sent a letter to Mr. Musselwhite on December 22, 1982, inquiring as to what decision had been made, and sent a copy of that letter to the court. Mr. Goller states that to date he has received no response to that letter, and this Court has not received a copy of any such response. Mr. Goller further states that, despite repeated attempts, he has been unable to contact Mr. Musselwhite.

The above cause is therefore DISMISSED FOR FAILURE TO PROSECUTE.

## II.

The plaintiff's counsel's motion for a new trial relied upon exhibits and an affidavit to explain as non-contumacious the delays involved. We should note that the plaintiff Morris was working in the Far East from Singapore and Bombay addresses, while his counsel was communicating with him from Houston, Texas. The uncontested exhibits and affidavit show that, following the status conference of May 21, 1982, the following events occurred:

1. On June 2, 1982, the defendant's counsel confirmed that he now had authority to settle the claim for $5,000, noting that the order of May 21 contemplated "reinstatement in the event of the failure of [either] counsel to obtain his client's authority for the settlement";

2. The plaintiff's counsel wrote the client Morris in Singapore on June 9, 1982, strongly recommending settlement;

3. By letter dated June 27, 1982, received by his lawyer July 6, 1982, Morris rejected the settlement offer as totally insufficient;

4. Letter of September 27, 1982 by Morris' counsel to him in Bombay acknowledging rejection of the offer and informing him that counsel would set up depositions to contest the motion to dismiss, and a letter of the same date to the defendant's counsel stating that he had *"just* received a letter from Mr. Morris declining your settlement offer" (emphasis added), and enclosing notice of deposition and a motion to defer ruling;

5. Letter of November 19, 1982, to the trial judge, informing him that the judge's law clerk had told him that the judge was considering dismissing

the case for want of prosecution, explaining that the settlement agreement at the status conference of May 21 was contingent upon both counsel's securing his respective clients' consent to the agreement, further informing the judge that the plaintiff Morris had rejected the offer, stating he had noticed depositions for December 8, and requesting the court to schedule a status or pretrial conference so that "this case can get back on the track toward eventual trial";

6. After being notified on December 1, 1982 to accept the defendant's settlement offer or else withdraw from the case, the plaintiff's counsel Musselwhite was not able to contact by telephone his client Morris in Singapore until December 4 or 5, at which time Morris again rejected the settlement, and requested Musselwhite to obtain substitute counsel to prosecute Morris' claim;

7. On Monday, December 6, 1982, Musselwhite commenced efforts to locate substitute counsel for his client out in Singapore, which in the case of this overseas accident was difficult. On January 31, 1983, he finally located a counsel who indicated he would seriously consider taking the case, upon which he was given copies of the file.

8. Musselwhite's affidavit attached to his new trial motion of February 4, 1983, included the averment: "I further swear that I sincerely believe, whether rightly or wrongly, that I have a duty not to withdraw from the case until substitute counsel has been obtained or until the client himself has been given reasonable notice of my intent to withdraw and given a reasonable time to obtain substitute counsel."

### III.

The district court did not state in its order whether it was dismissing Morris's action with or without prejudice. The record indicates, however, that Morris's claim under the Jones Act for an injury suffered in 1977 may have been barred by that Act's three year statute of limitations even at the time this suit was filed in 1981. Even if the district court dismissed the Jones Act claim without prejudice, Morris would certainly now be barred by limitations from reasserting any claim he may have had under that Act. In such circumstances, we will treat the dismissal as tantamount to a dismissal with prejudice. *Rogers v. Kroger Co.*, 669 F.2d 317, 323 n. 9 (5th Cir.1982); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir.1981).

Fed.R.Civ.P. 41(b) permits a district court to dismiss an action for failure to prosecute upon the motion of the defendant or upon its own motion to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir.1980). Because of the severity of a dismissal with prejudice when used as a sanction, however, we have stated that it is "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir.1981), *quoting Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir.1970). Therefore, as explained below, standards have been developed to assist trial courts in determining when their discretion may be properly exercised to impose this final sanction of a dismissal with prejudice.

On appeal from an involuntary dismissal with prejudice, we review the district court's judgment for an abuse of discretion. *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982); *Durham v. Florida East Coast Railway*, 385 F.2d 366, 367 (5th Cir.1967). In *Rogers v. Kroger, supra*, this court collected the jurisprudence of this circuit and restated the conditions under which it is an appropriate exercise of judicial discretion to dismiss a case with prejudice under Rule 41(b).

The *Rogers* court stated that a dismissal with prejudice would only be affirmed upon a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice. *Rogers, supra,* 669 F.2d at 320 (citing other authorities). We also noted the significance in our decisions of the presence of certain "aggravating factors", such as (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. *Id.*

■ In this context, the *Rogers* court explained:

> The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.

*Rogers, supra,* 669 F.2d at 320.

Applying these principles to the present case, we conclude that the district court exceeded its well-defined discretion by involuntarily dismissing the plaintiff's claims.

The facts before us simply do not exhibit a clear record of either delay or contumacious conduct. Only eight months elapsed from the date of the first status conference on Morris's suit to the date of its dismissal. Within that period, counsel for the plaintiff attended both status conferences, filed a motion to defer ruling on the defendant's motion to dismiss, and served notice of his intent to proceed with depositions. This conduct does not present the "significant periods of total inactivity" that have been held to constitute a clear record of delay. *Ramsey v. Bailey,* 531 F.2d 706, 709 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977).

Nor does the record clearly show a pattern of contumacious conduct by the plaintiff or his attorney, although plaintiff's counsel indeed did not act with the consideration and discretion expected of those who are admitted to practice before federal district courts. It was clearly imprudent for attorneys Craig and Musselwhite to fail to notify the district court of the plaintiff's rejection of the defendant's settlement offer on two separate occasions, especially after the district court had expressly imposed a seven-day time limitation on settlement negotiations at the December 1, 1982 status conference. While attorney Musselwhite had difficulty locating another lawyer to represent the plaintiff so that he could withdraw from the case, that difficulty alone cannot excuse the failure to notify the court of the problem and the rejection of the settlement offer by the plaintiff.[1]

Despite counsel's failings, this case does not present the sort of egregious conduct for which a dismissal with prejudice should be reserved. In *Burden v. Yates,* 644 F.2d 503, 504 (5th Cir.1981), the district court had dismissed the plaintiff's suit with prejudice after the plaintiff and his counsel had failed to comply with the directives of the district court on three successive occasions. While we noted that the plaintiff's conduct represented a "sorely deficient approach to litigation," we reversed the dismissal because the record lacked clear evidence of contumacious conduct and because lesser sanctions had not been shown to be inadequate.

The present case is similar in important respects. Undeniably, the plaintiff's attor-

---

1. The question of the ethical propriety of a lawyer's decision to withdraw from representation of a client on the ground that the client rejects a proffered settlement is not presently before this court. For our purposes, it is sufficient to note that counsel for the plaintiff was required by applicable ethical rules to "avoid foreseeable prejudice to the rights of his client, including ... allowing time for employment of other counsel" before withdrawing from the case. Tex.Rev.Stat.Ann. art. 12 § 8, DR 2–110(A)(2); *see also* Tex.Rev.Stat.Ann. art. 12 § 8, EC 2–32. We cannot, therefore, find that counsel was engaged in "contumacious conduct" by refusing to withdraw before he found substitute counsel for his client. Counsel nonetheless erred in not informing the court about his dilemma.

neys erred by not informing the district court of their client's decision to reject the settlement offer. While we do not wish to understate the significance of this omission, we find it to be "more a matter of negligence than purposeful delay or contumaciousness." *Burden, supra,* 644 F.2d at 505. *Compare, Anthony v. Marion County General Hospital,* 617 F.2d 1164 (5th Cir.1980) (dismissal properly imposed when plaintiff herself failed to appear at two hearings and one deposition) and *Hepperle v. Johnston,* 590 F.2d 609 (5th Cir.1979) (dismissal with prejudice appropriate after plaintiff himself failed to appear for a deposition on four separate occasions). We therefore find the present case to be analogous to the situation described by this court in *Durham v. Florida East Coast Railway,* 385 F.2d 366, 368 (5th Cir.1967):

> [Counsel] may have been lacking in the consideration lawyers should have for witnesses, opposing counsel, and the trial judge... But there is no evidence of his bad faith in the record. And we consider that his negligence was insufficient to justify dismissal of the complaint with prejudice.

Aside from the absence of a clear record of delay or of contumacious conduct, or of a showing of the futility of lesser sanctions, the present facts do not exhibit any of the aggravating factors identified in *Rogers v. Kroger Co., supra.* The plaintiff Morris, though living in Singapore, answered each settlement offer with reasonable dispatch and had nothing to do with his counsel's neglect in informing the court of his decision to reject the settlement. Although the defendant contends that plaintiff's counsel's conduct in disregarding the court's directives was "intentional", we find, as mentioned above, counsel's omissions to evidence more a pattern of neglect and indiscretion rather than stubborn and deliberate attempts to impede the prosecution of this case. Nor can we find that the delay present in this case, filed some sixteen months before the dismissal and delayed some eight months by the unsuccessful if dilatory settlement efforts, caused the defendant the degree of "actual preju-

dice" sufficient alone to support a dismissal with prejudice. *See Rogers v. Kroger Co., supra,* 669 F.2d at 320.

*Conclusion*

Finding that the entry of an involuntary dismissal with the effect of being with prejudice was, in the present case, an inappropriate exercise of judicial discretion, we REVERSE the judgment of the district court dismissing the case and REMAND for further proceedings.

REVERSED and REMANDED.