**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-21087
Summary Calendar

HIGH STANDARD MANUFACTURING COMPANY, INC.,

Plaintiff-Appellant,

VERSUS

STOEGER INDUSTRIES; ARMAS INTERNATIONAL MANUFACTURING, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2315)

July 23, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

High Standard Manufacturing Company, Inc. ("High Standard") appeals the dismissal of its trade dress infringement suit against Stoeger Industries, Inc. ("Stoeger") and Armas International Manufacturing, Inc. ("Armas") for want of prosecution. We affirm.

The district court's dismissal for want of prosecution is reviewed for abuse of discretion. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 251 (5th Cir. 1984); *see also Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 429 (5th Cir. 1987).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

High Standard's first point of error characterizes the dismissal as a sanction for delay or contumacious conduct pursuant to Federal Rule of Civil Procedure 37, although the district court denominated its decision as a dismissal for failure to prosecute. *See* FED. R. CIV. P. 41. Assuming, without deciding, that the dismissal was imposed as a sanction, the record clearly supports findings 1) of delay or contumacious conduct by High Standard, and 2) that lesser sanctions would not serve the best interests of justice. *See Morris,* 730 F.2d at 252. Further, the record supports a conclusion that High Standard, as distinguished from counsel, was responsible for the lengthy delay in producing financial records which the court ordered the parties to exchange. *See id.* We therefore conclude that the district court did not abuse its discretion in dismissing this case.

In its second point of error, High Standard contends that from September 3, 1998 until October 16, 1998 (the date that the district court ordered final judgment dismissing this case) it was precluded from prosecuting its case by the automatic stay occasioned by Armas's filing of a Chapter 11 bankruptcy proceeding. The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), does not apply to the claims between Plaintiff and the non-debtor co-defendant, *see Marcus, Stowell & Beyers v. Jefferson Investment Corp.*, 797 F.2d 227 (5th Cir. 1986), or to Armas's counterclaims. *See Matter of U.S. Abatement Corp.*, 39 F.3d 563 (5th Cir. 1994). Further, the district court rejected High Standard's reliance on the bankruptcy stay to excuse its failure to

prosecute, stating "You cannot use Armas's bankruptcy as a defense when you have gone in and gummed up the works so it wasn't dismissed before the hearing."  We find no abuse of discretion in dismissing this case for want of prosecution.

Based on the foregoing, we affirm the district court's order dismissing this case.

AFFIRMED.