**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-31418
_____

SHERIF K. SAKLA, M.D.,

Plaintiff-Appellant,

versus

THE CITY OF NEW ORLEANS, ET. AL.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2026-T)
_____

May 12, 2000

Before DUHÉ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this discrimination case grounded in national origin, Plaintiff-Appellant Sherif K. Sakla, M.D., appeals the district court's dismissal, with prejudice, of his complaint against Defendants-Appellees the City of New Orleans and the individual members of the New Orleans City Council. The district court ruled that Sakla's complaint fails to state a claim on which relief can be granted. We affirm.

I
*Facts and Proceedings*

Plaintiff-Appellant Sherif Sakla brought suit against the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

members of the New Orleans City Council in 1998 after his application for a liquor license for his restaurant was denied. The essence of his complaint is that (1) his restaurant was denied a liquor license; (2) a similarly situated restaurant only two blocks away was granted a liquor license; and (3) the only material difference between the two restaurants is the national origin of their owners, Sakla being an Egyptian.

Asserting no other relevant facts, Sakla brought a §1983 lawsuit against the members of the City Council, alleging that he was discriminated against on the basis of his national origin and that his property was taken without just compensation. The defendants answered Sakla's complaint, asserting qualified immunity, and simultaneously filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. The district court dismissed all of Sakla's claims with prejudice, and this appeal followed.

## II
### *Dismissal of Sakla's Complaint*

Sakla contends that his complaint meets the notice pleading requirements of Rule 8(a)(2). In the alternative, he contends that he has alleged facts sufficient to meet the heightened pleading requirements of Elliot v. Perez[1] and Schultea v. Wood.[2] We review de novo a district court's dismissal of a complaint for failure to

---

[1] 751 F.2d 1472, 1482 (5th Cir. 1985), *overruled in part by* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993).

[2] 47 F.3d 1427 (5th Cir. 1995).

state a claim.

As an initial matter, we must determine whether Sakla's complaint was brought against the defendants in their official or in their individual capacities, as different pleading burdens are applicable to the two types of claims. Sakla contends on appeal that his complaint states claims against the defendants in both their individual and their official capacities. The complaint itself, however, is ambiguous. It declares that each of the defendants is "domiciled in the State of Louisiana" and "a member of the City Council of New Orleans." By way of relief, it requests (1) an order directing the defendants to issue Sakla an alcoholic beverage permit, (2) compensatory and punitive damages, and (3) attorney's fees.

The district court treated the case as though it were brought against the defendants in their individual capacities only. There is some support for this position: Suits against municipal officers in their official capacities are treated as suits against the municipality itself,[3] and, in his response to the defendants' motion to dismiss, Sakla explicitly disclaimed any intent to sue the City of New Orleans. On the other hand, Sakla does not appear to be aware of the implications of his declaration that he is not suing the City. Moreover, the relief for which he prays — an order directing that he be issued a liquor license — can only be granted in a suit brought against the defendants in their official capacities.

---

[3] <u>Baker v. Putnal</u>, 75 F.3d 190, 195 (5th Cir. 1996).

We conclude that Sakla has not met the pleading burden that is applicable to either type of suit. Therefore, in affirming the district court's dismissal of his complaint, we need not determine the precise capacity or capacities in which the defendants have been sued.

No heightened pleading burden is applicable to claims against municipal officers in their official capacities.[4] A suit against municipal officers in their official capacities, however, is treated as a suit against the municipality itself. To recover against a municipality under §1983, a plaintiff must demonstrate that his injury was caused by a governmental "policy or custom."[5] Sakla's complaint does not allege that he was denied a liquor license pursuant to a governmental policy or custom. Indeed, Sakla all but concedes in his appellate brief that he has no evidence that such a policy or custom exists. Thus, if Sakla's complaint is viewed as having been brought against the defendants in their official capacities, he has failed to plead an essential element of his lawsuit and the dismissal of his complaint must be affirmed.

If, on the other hand, Sakla's complaint is viewed as having been brought against the defendants in their individual capacities, they are entitled to qualified immunity.[6] Qualified immunity

---

[4] Baker, 75 F.3d at 195.

[5] Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

[6] Jacquez v. Procunier, 801 F.2d 789, 791 (1986). It is true that Sakla's legal conclusion that he was discriminated against on the basis of his national origin would, if proven, be sufficient to overcome the defendants' qualified immunity. The fact that

encompasses an immunity not only from liability, but also from having to participate in defending civil litigation.[7] In recognition of this fact, we impose a heightened pleading burden on plaintiffs bringing suits against municipal officers in their individual capacities.[8] This pleading standard requires §1983 plaintiffs to state "more than conclusory [sic] assertions. It requires claims of specific conduct and actions giving rise to a constitutional violation."[9] "[T]he plaintiff must show that the defendant's conduct was not objectively reasonable and, further, that the defendants violated clearly established law. Moreover, the plaintiff must plead specific facts with a level of particularity so that they would, if proved, warrant the relief she seeks."[10]

The district court ruled that Sakla's complaint failed to meet the heightened pleading standards applicable to his individual capacity claims. We agree. As earlier noted, the only facts that Sakla alleged in his complaint were that (1) his restaurant was denied a liquor license; (2) a similarly situated restaurant only two blocks away was granted a liquor license; and (3) the only material difference between the two restaurants is the national

defendants may not ultimately be found immune from liability, however, does not relieve Sakla of the heightened pleading burden that is applicable to all individual capacity lawsuits.

[7] Id.

[8] Schultea, 47 F.3d at 1433.

[9] Baker, 75 F.3d at 195.

[10] Burns-Toole v. Byrne, 11 F.3d 1270, 1274 (5th Cir. 1994).

origin of their owners. Sakla's complaint also baldly alleges that the defendants discriminated against him on the basis of his national origin. It is not enough, however, for a plaintiff to allege "mere conclusionary statements evidencing only a personal belief that the defendants were motivated by an impermissible animus."[11] Rather, a plaintiff "must plead specific facts with a level of particularity so that they would, if proved, warrant the relief [he] seeks."[12] This Sakla has failed to do. The mere allegation that similarly situated individuals were treated differently by the City Council is not the type of "particularized pleading" that can satisfy the heightened pleading standard. As we stated in Wicks, "[the plaintiff] makes only broad and wholly conclusional allegations that [the defendants] discriminated against him on the basis of race. While [the plaintiff] does allege racial animus,... he fails to allege any conduct of [the defendants] that could be considered to violate a clearly established statutory right."[13] Sakla's complaint clearly does not meet the heightened pleading requirements, and its dismissal is therefore affirmed.

In a related vein, we reject Sakla's contention that he was entitled to amend his complaint. Sakla never sought leave from the district court to amend his complaint. His filing of a response

---

[11] Id.

[12] Id; see also Baker, 75 F.3d at 195.

[13] Wicks v. Mississippi State Employment Services, 41 F.3d 991, 996 (5th Cir. 1995).

defending the sufficiency of his complaint provided him with ample "opportunity to make his case",[14] yet he failed to do so.

Finally, we reject Sakla's contention that he was entitled to engage in limited discovery. Sakla has offered no explanation of what information he would hope to procure through discovery. We have recognized that "qualified immunity is an immunity from suit, and extends beyond just a defense to liability to include all aspects of civil litigation."[15] "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[16] Absent a more specific justification for limited discovery, we cannot say that the district court erred reversibly in refusing to subject the defendants to the burdens of the discovery process.

## III
### *Regulatory Taking*

Sakla contends that the City Council's refusal to issue him a liquor license constituted a regulatory taking. This claim is without merit, and was properly dismissed. A regulation does not effect a taking within the meaning of the Takings Clause if it "substantially advances legitimate state interests" and does not

---

[14] Id.

[15] Jacquez, 801 F.2d at 791.

[16] Schultea, 47 F.3d at 1434.

"deny an owner economically viable use of his land."[17]  Sakla's complaint makes no factual assertions indicating that the City Council's denial of his application for a liquor license has deprived his property of all economically viable uses.  Indeed, Sakla's complaint notes that he currently runs a restaurant on his property and that one of the City Council members had lunch there.  Thr district court's dismissal of Sakla's takings claim under Rule 12(b)(6) was not improper; there is simply no set of facts under which Sakla could conceivably make out a cause of action for a regulatory taking.[18]

IV
*Dismissal with Prejudice*

We review an involuntary dismissal with prejudice for abuse of discretion.[19]  Ordinarily, a dismissal with prejudice is proper only when there is "(a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."[20]  As the district court noted, however, there are competing concerns to be considered in the context of a lawsuit against public officials.  The purpose of qualified immunity is to protect officials from the burdens of voluminous litigation.  Thus, when it is clear that a plaintiff has

---

[17] Dolan v. City of Tigard, 512 U.S. 374, 385 (1994).

[18] See In re Burzynski, 929 F.2d 733, 740 (5th Cir. 1993).

[19] Moris v. Ocean Systems, Inc., 730 F.2d 248, 251 (5th Cir. 1984).

[20] Id at 252.

made out his best case against a government official, and that the case is nevertheless legally insufficient to state claim on which relief can be granted, a dismissal with prejudice may be proper.[21] In light of these considerations, we cannot say that the district court abused its discretion in dismissing the complaint with prejudice. The judgment and all rulings of the district court are affirmed.

AFFIRMED.

---

[21] See In re Burzynski, 989 F.2d at 740.