IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40064
Summary Calendar
_____


CLINTON STACEY DILLON

             Plaintiff - Appellant

     v.

DIAMOND OFFSHORE MANAGEMENT COMPANY; DIAMOND
OFFSHORE DRILLING INC.; DIAMOND OFFSHORE USA, INC.,

             Defendants - Appellees

                ---------------------
        Appeal from the United States District Court
             for the Southern District of Texas
                  USDC No. G-00-CV-522
                ---------------------
                    July 23, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Clinton Stacey Dillon appeals the district court's dismissal

of his suit filed under the Jones Act, 42 U.S.C. § 688.  We have

determined that "unique circumstances" justify the exercise of

appellate jurisdiction in this case.  See Fairley v. Jones, 824

F.2d 440, 442 (5th Cir. 1987).

     Dillon failed to appear on the day scheduled for the trial;

however, both defense and plaintiff's counsel were present, along

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

with numerous live witnesses for the defense. The district court entered an order dismissing Dillon's case without prejudice. The court directed that it would reinstate the case on its docket if Dillon would agree to pay the expenses incurred by the defendants in appearing on the date of trial. Dillon argues that the district court's order was an abuse of discretion because it was not the least restrictive sanction available and because as a seaman, he was a "ward of the court" entitled to deference from the district court.

Although the district court stated that its dismissal was without prejudice, the record indicates that Dillon's injury occurred in November 1997, and the complaint was filed in August 2000. Thus, upon refiling, Dillon's claim would be barred by the three-year statute of limitations under the Jones Act. See Taurel v. Central Gulf Lines, Inc., 947 F.2d 769, 771 (5th Cir. 1991)(three-year statute of limitations governs action under the Jones Act). In such circumstances, we treat the dismissal as tantamount to a dismissal with prejudice. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996)(statute of limitations can cause dismissal without prejudice to operate as a dismissal with prejudice).

FED. R. CIV. P. 41(b) permits a district court to dismiss an action for failure to prosecute sua sponte in order to "achieve the orderly and expeditious disposition of cases." Morris v. Ocean Sys. Inc., 730 F.2d 248, 251 (5th Cir. 1984)(citation

omitted).  We review such a dismissal for an abuse of discretion, but will affirm only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and that lesser sanctions would not serve the best interests of justice.  See id. at 252.  We also consider certain "aggravating factors" such as the extent to which the plaintiff himself was responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.  Id.

Dillon offers no explanation for his failure to appear on the day of trial.  Given that counsel for the defendants appeared on the scheduled trial date with numerous live witnesses present, it cannot be said that the district court's order was an abuse of discretion.  See Rogers v. Kroger Co., 669 F.2d 317 (5th Cir. 1982); Anthony v. Marion County Gen. Hosp., 617 F.2d 1164 (5th Cir. 1980); Hepperle v. Johnston, 590 F.2d 609 (5th Cir. 1979).  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.