IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

No. 07-20869
Summary Calendar

Charles R. Fulbruge III
Clerk

PAT RABORN

                    Plaintiff - Appellant

v.

INPATIENT MANAGEMENT PARTNERS INC

                    Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-cv-3950

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pat Raborn sued her employer, Inpatient Management Partners, Inc. ("IMS"), in federal court for violations of Title VII and 42 U.S.C. § 1983. Raborn alleged that IMS unlawfully retaliated against her following her participation in an Equal Employment Opportunity Commission (EEOC) investigation of IMS's employment practices. After her counsel failed to appear for a pretrial conference, the district court dismissed Raborn's suit for failure to prosecute.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Raborn appeals, arguing that the district court abused its discretion by imposing the sanction of dismissal. We agree. Therefore, we reverse and remand.

I. Facts and Procedural Background

Raborn filed her complaint in district court on December 12, 2006. An order for conference was entered the next day and the first pretrial conference was held on March 19, 2007. The next pretrial conference was held on April 5, 2007, after the court granted IMS counsel's unopposed request for a one-week continuance. Counsel for both parties attended these conferences, at which the district judged urged the parties to discuss a settlement.

On September 17, 2007, counsel for both parties appeared for a third pretrial conference. At this conference, the district judge again instructed both parties to attempt to reach a settlement and ordered that Raborn be deposed.[1] He then scheduled the next conference for October 22, 2007.

The factual accounts of what occurred between this third conference and the October 22 conference diverge to some extent, but the following is the general course of events. On October 10, counsel for IMS, Jaclyn A. Hermes, made a settlement offer via email. In the event the offer was rejected, she requested deposition dates for Raborn no earlier than November 2007. In this same email, Ms. Hermes requested a continuance of the October 22 conference because she was set for trial in another matter on that date.

Larry Watts, counsel for Raborn, states that he telephoned Ms. Hermes the next day (October 11) and left a voice mail message indicating that he was not opposed to the continuance. On this same day, Mr. Watts emailed Ms. Hermes regarding her settlement offer; his email states that he attempted to contact Ms. Hermes by phone but does not express a position on her request for

---

[1] Counsel for Raborn asserts that the district judge ordered that Raborn be deposed within thirty days of the September 17 conference. Petr's Brief at 6 & n.4. Counsel for IMS does not directly refute the assertion, but notes that "nothing in the Record supports this allegation." App.'s Brief at 2 n.5. This factual dispute does not affect our decision.

a continuance. Ms. Hermes asserts that she never received a voice mail message from Mr. Watts.

Ms. Hermes sent two more emails to Mr. Watts, dated October 17 and 18, requesting that he agree to a continuance. Mr. Watts admits that he realized on October 17 that Ms. Hermes had not received his voice mail. He did not personally respond to either of these emails but asserts that he "gave instructions" that Ms. Hermes be informed that he was not opposed to her request for a continuance. He concedes now that this message must not have been communicated to Ms. Hermes, but argues that he only became aware of this fact after the October 22 conference.

On October 22, 2007, the district court held a status conference as originally scheduled. Ms. Hermes attended the conference; Mr. Watts did not. After a five minute conference, the district court determined that Raborn's suit should be dismissed without prejudice and entered the following order:

> Because Pat Raborn has not complied with this court's September 18, 2007, discovery order and has failed to appear for the October 22, 2007, pre-trial conference, this action is dismissed without prejudice for want of prosecution.

Raborn moved to reinstate her case, arguing that her counsel mistakenly assumed the conference had been continued. In addition, several events allegedly prevented counsel from being reachable on October 22, including his being out of town for discovery in another matter and foul weather that caused his assistant to abandon the office. The district court denied Raborn's motion to reinstate her suit. Raborn appealed.

## II. Discussion

A district court may dismiss an action sua sponte for failure to prosecute or comply with its orders. Fed. R. Civ. P. 41(b); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). We review a dismissal that ostensibly is without prejudice as one with prejudice if "the statute of limitations prevents or arguably

may prevent" a party from refiling after the dismissal. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212-13 (5th Cir. 1976). An effort by Raborn to re-file her suit would be barred by Title VII's limitations period. Berry v. CIGNA/RSI–CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Therefore, we treat the district court's dismissal of Raborn's suit as a dismissal with prejudice.

A dismissal with prejudice for failure to prosecute is a discretionary ruling. On appeal we review solely for abuse of that discretion. To sustain such a dismissal, we must have a clear record of delay or contumacious conduct and the district court must have expressly found that no lesser sanction would suffice to prompt diligent prosecution. Id. Even when that standard is met, there should usually be at least one "aggravating factor." Rogers, 669 F.2d at 320; but see Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006) (noting that factors must "usually," but not "always," be present). Prior cases have identified three aggravating factors: (1) the delay was caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct. Berry, 975 F.2d at 1191.

1. Clear record of delay or contumacious conduct

The facts of this case do not reveal a "clear record of delay or contumacious conduct" by Raborn. This court has previously looked for "significant periods of total inactivity" before declaring that a clear record of delay exists. See Morris v. Ocean Sys., Inc., 730 F.2d 248, 252 (5th Cir. 1984). Raborn's case had been pending for only ten months prior to its dismissal. During that time, Raborn's counsel had attended three pre-trial conferences scheduled by the district court and, so far as we can tell, complied with all of the court's orders and instructions (except for the two mentioned in the dismissal order). At least until October 2007, both parties were compliant with the district court's instructions to engage in settlement discussions.

In fact, email correspondence between Mr. Watts and Ms. Hermes indicates that the parties were actively engaged in settlement discussions until at least October 11. Thus, our review of the record reveals, at most, an eleven-day period of inactivity – the period between Ms. Hermes's last settlement-related email and the district court's entry of the dismissal order. These circumstances do not constitute a clear record of delay. Compare Morris, 730 F.2d at 252 (eight-month period during which counsel attended status conferences and noticed depositions did not warrant dismissal) with Sealed Appellant, 452 F.3d at 416-17 (two-year period during which plaintiff never served complaint, filed motions, or sought discovery warranted dismissal).

Further, there is no indication that Raborn or her counsel is guilty of dilatory tactics, deliberate delays, utter inattention to the litigation, or any other form of contumacious conduct. As noted, Mr. Watts appeared for every status conference prior to October 22. Further, he communicated via email with Ms. Hermes as late as October 11 regarding a potential settlement. We agree with IMS's argument that Mr. Watts's assumption that a court-ordered conference would be rescheduled, without any effort to verify this assumption by contacting the court, was unreasonable and even imprudent. See Morris, 730 F.2d at 252. However, Mr. Watts's pre-October actions suggest that his failure to appear for the October 22 conference, although undoubtedly a "significant omission," was "more a matter of negligence than purposeful delay or contumaciousness." Id.

IMS argues that the district court's dismissal is supported by Supreme Court and Fifth Circuit precedent. The Supreme Court affirmed a district court's dismissal under Rule 41(b) which occurred after a six-year delay and in immediate response to counsel's failure to attend a pretrial conference that he unquestionably knew had not been continued. Link v. Wabash R.R. Co., 370 U.S. 626, 627-29 (1962). This court affirmed a district court's refusal to grant relief under Civil Procedure Rule 60(b) from a dismissal due to lack of

jurisdiction, when the party who alleged that a conflict had kept him from attending a scheduled conference did not raise that issue until after the time to appeal from the dismissal. Pryor v. U.S. Postal Serv., 769 F.2d 281, 285-89 (5th Cir. 1985). Neither of those precedents is comparable.

In addition, the record reveals that Raborn is guilty of violating two court orders.[2] "Generally, where a plaintiff has failed to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." Berry, 975 F.2d at 1192 n.6 (citing cases). While we do not excuse Raborn's conduct or that of her counsel, we do not believe that these two simultaneously-noticed violations warrant the "drastic remedy" of dismissal with prejudice. Id.; Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (dismissal was not warranted even though plaintiff "failed to obey clear directives of the district court" on three successive occasions).

We are unable to say that the actions of Raborn and her counsel constitute clear delay or contumacious conduct.

2. Futility of lesser sanctions

No lesser sanctions of any kind were imposed on Raborn or her counsel before the dismissal. Therefore, we look for an express determination by the district court that lesser sanctions would have been futile in this case. "In the past, we have found that lesser sanctions would suffice in all but the most flagrant circumstances." Boazman, 537 F.2d at 212. Where the dismissal is ordered primarily in response to counsel's dereliction, we have stressed that alternatives to dismissal should be attempted first. See Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1521-22 (5th Cir. 1985) (noting that

---

[2] We note that if Raborn failed to comply with the district court's discovery order, i.e. that Raborn be deposed, then IMS arguably failed to comply with that order as well. Ms. Hermes admits that she could not find time to depose Raborn until November and that she had informed Mr. Watts of this fact. Neither party was solely responsible for the failure to depose Raborn prior to October 22, 2007.

assessment of fines, costs, or damages against plaintiff or counsel, disciplinary measures, and explicit warnings may be effective remedies); Veazey v. Young's Yacht Sale and Serv., Inc., 644 F.2d 475, 477 (5th Cir. 1981) (noting that "lesser sanctions are clearly preferred" over dismissal). This is particularly true where, as in this case, there is "nothing whatever in the record to indicate that the appellant had any knowledge of, or participation in, any of the derelictions of his counsel." Flaksa v. Little River Marine Const. Co., 389 F.2d 885, 887 (5th Cir. 1968).

IMS argues that the district court implicitly concluded that lesser sanctions would not deter the type of conduct exhibited by Raborn's counsel, "namely, Mr. Watts had failed to comply with a court order and failed to appear for pretrial conference without a legitimate excuse." As discussed above, this is not the type of "contumacious conduct" that warrants dismissal. Even if it could be characterized as "contumacious," it is not the type of conduct that requires immediate resort to "the harshest of sanctions . . . ." Porter v. Beaumont Enterprise and Journal, 743 F.2d 269, 272 (5th Cir. 1984). Rather, it is conduct that would be better addressed by a lesser sanction in the first instance.

Further, we are not confronted with the type of deliberately "hostile" litigation tactics, e.g., Woodson v. Surgitek, Inc., 57 F.3d 1406, 1407-17 (5th Cir. 1995), or utter ignorance of court orders and timetables, e.g., Link, 370 U.S. at 627-29, that have generally been found to warrant dismissal with prejudice. Here, the record indicates that Raborn implored the court to consider lesser sanctions in her motion to reinstate her suit. Raborn also asserts that she attempted to reimburse IMS's counsel for her inconvenience.[3] This type of

---

[3] In her motion to reinstate and her brief to this court, Raborn asserts that she reimbursed IMS's counsel in the amount of $500 for the inconvenience and costs associated with attending the October 22 conference and is willing to provide additional compensation should Ms. Hermes request it or the court order it. However, the record does not confirm that Ms. Hermes actually received a $500 check from either Raborn or Mr. Watts. The alleged $500

conciliatory response suggests that lesser sanctions would have been effective in spurring diligent prosecution by Raborn.

### 3. Aggravating factors

While the absence of the "requisite factors" warrants reversal in this case, we also note the absence of any "aggravating" factors. As discussed above, it is apparent that Mr. Watts, and not Raborn, was responsible for the events leading to the dismissal. We also conclude that Mr. Watts's actions do not reflect an intentional effort to delay the litigation. We now turn to IMS's assertion that it has suffered from the "prejudicial effect" of Raborn's delay.

First, IMS has not pointed to any specific evidence of prejudice. We have searched the record in vain for some evidence of prejudice that might reasonably be linked to Mr. Watts's failure to attend the October 22 pretrial conference. While prejudice may be presumed in cases of "unreasonable delay," we cannot say that any delay caused by Mr. Watts's was so unreasonable as to raise a presumption of prejudice. See Rogers, 669 F.2d at 322 & n.7; compare Porter, 743 F.2d at 272-73 (defendant was prejudiced by delay in employment discrimination suit because both employees accused of discriminatory acts were no longer employed by defendant and had moved out of the state). The mere fact that reinstatement of Raborn's case will require IMS to "expend funds necessary to present a defense" is not sufficient to establish prejudice. Id. Therefore, we find no evidence of prejudice.

### III. Conclusion

A dismissal with prejudice is a sanction typically reserved for the most flagrant abuses. Because this sanction forever deprives the litigant of the opportunity to pursue her claim, we have more closely managed the district court's discretion under Rule 41(b) than in other contexts. Thus, our reversal is

---

payment is not discussed in IMS's brief to this court.

part of this court's continuing effort to "strik[e] a balance between the interests of having cases tried on their merits and of allowing trial courts to resolve them speedily . . . ."  Rogers, 669 F.2d at 323.

We find that the district court abused its discretion in dismissing Raborn's claim effectively with prejudice.  Therefore, we REVERSE the order of the district court and REMAND for proceedings consistent with this opinion.