# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

No. 22-50288

———————

———————

Charles Edge; Adam Vara; Braden Glasson; Dakota
Maness; Colton Newman; Lorenzo Rodriguez; Michael
Cuellar,

*Plaintiffs—Appellants*,

Ben Forrest; Mason Frakes; Thomas Gonzalez,

*Appellants*,

*versus*

TLW Energy Services, L.L.C.; Troy Watkins,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-3

———————————————————

Before Barksdale, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Primarily at issue is whether the district court abused its discretion by *sua sponte* dismissing this action with prejudice for failing to move for default judgment within the time ordered by the court. VACATED and REMANDED.

## I.

In January 2021, Charles Edge filed this putative collective action under 29 U.S.C. § 216(b) against employers TLW Energy Services, L.L.C. (TLW), and Troy Watkins, claiming violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–209.  The complaint claimed:  over the three preceding years, defendants paid Edge and other "current and former employees . . . on a day-rate basis without overtime", in violation of FLSA overtime requirements.  Defendants, represented by counsel, answered on 8 March 2021, denying liability and asserting, *inter alia*:  the daily rates paid to Edge included both straight-time and overtime pay.  Other employees opted-in pursuant to § 216(b).

Defendants' counsel moved to withdraw on 5 November 2021, stating defendants were unresponsive and had not paid legal fees.  The court on 9 November both granted withdrawal and directed Watkins to advise the court by 9 January 2022 whether he would proceed *pro se* or obtain new counsel, with TLW, by the same date, to inform the court of its new counsel, as an LLC cannot appear *pro se*.

Defendants never filed those advisories.  And, subsequent to counsel's withdrawal, no filings have been made by, or on behalf of, defendants in district court, nor have they participated in this appeal.

The record reflects defendants provided some discovery prior to that withdrawal, the extent of which is unclear.  (As discussed *infra*, the court instructed plaintiffs to provide it with particular evidence regarding overtime payments.  Plaintiffs state they cannot obtain the evidence because the non-

participating defendants are unavailable for further discovery, which implies that whatever defendants produced was insufficient.)

After the court ordered the above-referenced advisories, but before they were due, plaintiffs on 19 November 2021 moved for partial summary judgment on liability, claiming they: were employees of defendants and covered by FLSA; worked more than 40 hours per week during their employment; and were paid on a day-rate basis. Although defendants, as stated above, had asserted in their answer that the day-rates included both straight and overtime pay, plaintiffs claimed FLSA does not allow overtime premiums to be included in a daily rate. Therefore, plaintiffs claimed: defendants' paying that daily rate was *per se* a violation of FLSA; and the only matter needing further consideration was the amount of damages.

After defendants failed to answer timely the partial summary-judgment motion, the court by a 16 December 2021 order directed defendants to respond by 28 December and warned their failing to do so "may result in the motion being considered as unopposed". After defendants failed to respond, the court on 25 January 2022 entered an order directing them to show cause by 9 February why default should not be entered against them. *See* Fed. R. Civ. P. 55(a) (allowing entry of default against defendant who "has failed to plead or otherwise defend"); *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (providing Rule 55 allows court to enter default against party for failure to comply with court orders). Once again, defendants did not respond; and the clerk was instructed to enter default on 25 February.

The court denied plaintiffs' partial summary-judgment motion on 3 March 2022. It ruled they failed to make a *prima facie* showing of their claims because: they did not provide authority supporting "paying a day rate is a per se FLSA violation"; and there was insufficient evidence for the court to

No. 22-50288

determine whether defendants failed to pay proper overtime premiums because it needed "information that shows the total amount of the day rate, the amounts that composed the 'straight time' and overtime, and what TLW actually paid".

Additionally, referring to the above-referenced default entered against defendants, the court stated plaintiffs had "one final opportunity to present evidence of [defendants'] alleged failure to pay overtime". It directed plaintiffs to move for default judgment within 30 days after the clerk's entry of default, and warned it would "be vital" they provide the above-described evidence in order for the court to determine whether there was an overtime violation.

The court noted further it was unclear whether the summary-judgment motion was by Edge alone or on behalf of all plaintiffs and instructed that any default-judgment motion needed to be clear on that point. Finally, the court warned that failure to move for default judgment within the allotted time might lead to involuntary dismissal pursuant to Rule 41(b) (action subject to involuntary dismissal if plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order").

Instead of moving for default judgment as directed, plaintiffs moved on 28 March for reconsideration of the order denying their partial summary-judgment motion, or alternatively, pursuant to 28 U.S.C. § 1292(b), for the court to certify the denial of that motion for immediate appeal and stay proceedings pending appeal. Plaintiffs again claimed: including overtime premiums in a daily rate is a *per se* FLSA violation; therefore, liability was uncontested; and the court's ruling otherwise was contrary to precedent.

The court denied the motion on 7 April, providing: "'Day rate' as a term of art does not relieve the Court of its responsibility to determine whether the alleged day rate scheme was illegal". It ruled, as before, that

4

No. 22-50288

there was insufficient evidence to determine whether the proper overtime had been paid. Finally, because plaintiffs elected to file the motion for reconsideration rather than moving timely for default judgment, the court dismissed all claims with prejudice and directed the clerk to close the case.

II.

Plaintiffs claim the court erred in: dismissing this action with prejudice; and denying partial summary judgment. As noted *supra*, defendants have not participated in this appeal.

A.

*Sua sponte* dismissals under Rule 41(b) are reviewed for abuse of discretion. *E.g.*, *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). This review, however, is understandably "more exacting" where, as here, the dismissal is with prejudice. *Id.* We will affirm "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice". *Id.* It bears emphasis that "[b]ecause this test is conjunctive, both elements must be present". *Id.*

Additionally, in "most cases where this Court has affirmed dismissals with prejudice", at least one of the following *aggravating* factors have been found: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct". *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (citation omitted).

Plaintiffs contend the following in asserting the court erred in dismissing their claims with prejudice. Because defendants are in default, they are liable to plaintiffs without need for further evidence. The court placed an erroneous burden of proof on plaintiffs and required them to produce evidence which they could not obtain, because, as discussed *supra*,

it was in possession of defendants who would not participate in further discovery. (The remainder, and vast majority, of plaintiffs' brief addresses the merits of their denied partial summary-judgment motion, requesting this court render partial summary judgment in their favor and remand for a hearing on damages.)

We hold the court abused its discretion in dismissing plaintiffs' action with prejudice because neither of the requisite elements listed above, and addressed *infra*, are present.

First, there is no "clear record of delay" by plaintiffs. *Coleman*, 745 F.3d at 766. "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992).

Although plaintiffs did not move for default judgment within the time specified by the court, they did seek reconsideration within that period. A single instance of failing to strictly adhere to a court-set deadline is short of the severity of conduct our court has required for the "clear record of delay" element to be met. *Compare Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (reversing dismissal where "court did not explain why a mere 45-day delay" justified dismissal with prejudice), *and Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 405 (5th Cir. 2008) (no clear record of delay where party's counsel attended pre-trial conferences and, "except for the two mentioned in the dismissal order", complied with court's orders and instructions), *and Berry*, 975 F.2d at 1191 ("The district court apparently dismissed [plaintiff's] lawsuit merely because of [plaintiff's] failure to file a motion for default judgment. . . . [T]his does not amount to a clear record of delay or contumacious conduct . . . ."), *and Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252–53 (5th Cir. 1984) (reversing dismissal where no "significant

periods of total inactivity" (citation omitted)), *with Roberts v. Yellen*, 858 F. App'x 744, 746–47 (5th Cir. 2021) (clear record of delay where party was inactive in proceedings for 26 months), *and Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844–45 (5th Cir. 2018) (affirming dismissal where party "persistently refused" to comply with court order).

It goes without saying that, in this default scenario, it was not in plaintiffs' interest to delay. Rather, the delays were the fault of defendants. They were given several opportunities to explain and cure their lack of participation; yet, plaintiffs' action was dismissed for failing to comply with a single deadline.

Second, "there has been no showing of the futility of lesser sanctions". *Berry*, 975 F.2d at 1192. "Lesser sanctions include assessments of fines, costs, or damages against plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (citation omitted). Because plaintiffs had complied with all prior deadlines and orders, there is little to support *any* sanctions being needed to secure future compliance, much less that these lesser sanctions would not have been effective. *See Campbell*, 988 F.3d at 802; *see also Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (providing dismissal with prejudice "is reserved for the most egregious of cases").

Additionally, none of the above-provided three aggravating factors are present: there is nothing to suggest any delay was because of plaintiffs, rather than their counsel; defendants were not prejudiced, because they were not participating in the proceedings; and there is no evidence plaintiffs' counsel intended to delay the proceedings by filing the motion for reconsideration. *See Campbell*, 988 F.3d at 802.

B.

Regarding plaintiffs' requesting our court render partial summary judgment in their favor, summary judgment rulings are reviewed *de novo*. *E.g.*, *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 301 (5th Cir. 1993). Our court, as needed, raises jurisdictional questions *sua sponte* and reviews them *de novo*. *E.g.*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

The denial of summary judgment is usually a non-final order, resulting in this court's lacking jurisdiction to consider it (subject to exceptions, such as regarding qualified immunity). *E.g.*, *Jackson v. City of Atlanta*, 73 F.3d 60, 62 (5th Cir. 1996); *In re Corrugated Container Antitrust Litig.*, 694 F.2d 1041, 1042 (5th Cir. 1983). But, under the merger rule, interlocutory rulings merge into a final judgment and are generally subject to review on appeal from that judgment. *E.g.*, *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 248 (5th Cir 2019); *Sindhi*, 905 F.3d at 331; *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983).

Courts, however, apply the merger doctrine differently when the appealed final judgment is an involuntary dismissal as a sanction for plaintiff's failure to prosecute or failure to comply with court orders, typically declining to address interlocutory rulings, although their reasoning varies. Some courts hold it is a matter of jurisdiction; others, a matter of discretion; and some are unclear. *Compare Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 191–93 (2d Cir. 1999) (holding no jurisdiction because "interlocutory orders should not ordinarily merge with a final judgment dismissing an action for failure to prosecute"), *and R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 659–660 (3d Cir. 2022) (holding no jurisdiction), *with Sere v. Bd. of Trs. of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988) (providing merger rule is "inapplicable where adherence would reward a party for dilatory and bad faith tactics"), *and Bertha v. Hain*, 787 F. App'x

334, 337–38 (7th Cir. 2019) ("We would not apply the [merger] rule *if it would encourage bad-faith tactics*." (emphasis added) (citing *Sere*, 852 F.2d at 288)), *and AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) ("There is no statute, rule, or precedent requiring an exception to the merger rule when the final judgment is a dismissal for failure to prosecute and this court sees no reason to adopt such a rule. Rather, the better approach is a prudential rule allowing the appellate court to review an interlocutory order . . . in that rare case when it makes sense to do so."). *See also John's Insulation, Inc. v. Addison & Assocs., Inc.*, 156 F.3d 101, 105–08 (1st Cir. 1998); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999); *DuBose v. Minnesota*, 893 F.2d 169, 171 (8th Cir. 1990); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

Our court, likewise, has regularly refused to rule on adverse interlocutory orders on appeal from involuntary dismissals. In doing so, however, it has applied both a jurisdictional and a discretionary approach.

For example, in one factually similar case, in reversing an involuntary dismissal for failure to comply with discovery orders under Rule 37(b), our court held the "denial of Plaintiff's Motion for Partial Summary Judgment [was] not a final decision as to which this Court [had] appellate jurisdiction". *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997).

In another, in reversing a dismissal for failure to prosecute under Rule 16(f) (allowing court to, *inter alia*, dismiss action for party's failure to obey scheduling and other pretrial orders), our court "exercise[d] [its] discretion not to address the merits of the [denied] motion for summary judgment". *Hurman v. Port of Hous. Auth.*, 990 F.2d 626, 1993 WL 117842, at *3 n.6 (5th Cir. 1993) (unpublished, but precedent pursuant to 5TH CIR. R. 47.5.3). Rather than treating the issue as jurisdictional, the panel relied on the principle that a court may, in its discretion, deny a summary-judgment

motion even when movant has otherwise met his burden, where the court doubts the wisdom of concluding the case early; therefore, the losing party to that motion does "not have the right to have summary judgment granted". *Id.*

More recently, our court declined to consider an interlocutory ruling on appeal of a Rule 41(b) dismissal, providing: "in the context of dismissal for failure to prosecute, courts prudently decline to review adverse interlocutory rulings because the matter under review is the dismissal itself". *Griggs*, 905 F.3d at 845 n.54. The *Griggs* opinion cited many of the above-cited decisions from other circuits, some treating the matter as jurisdictional, others as discretionary; thus, it is uncertain which particular rational was applied. But, the discretionary approach appears to have been taken.

Accordingly, while our precedent is unclear whether this rule is jurisdictional or discretionary, and assuming we do have jurisdiction, we exercise our discretion not to address the summary-judgment order. Instead, we remand this case to district court.

## C.

On remand, plaintiffs are to have an opportunity to move for default judgment in accordance with the procedure provided in Rule 55(b)(2) and the principles mentioned below. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497–500 (5th Cir. 2015) (Rule 55 allows plaintiffs to submit evidence to "'establish the truth of any allegation [in their complaint]' . . . [and] flesh[] out [their] claim". (quoting FED. R. CIV. P. 55(b)(2)(C))). In this regard, "[t]he role of a district court in adjudicating a motion for default judgment is limited", and the "court takes as true the facts asserted by a plaintiff against a defaulting defendant". *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022).

No. 22-50288

In addition, the court should consider the effect, if any, of plaintiffs' contention that defendants' unavailability for supplemental discovery (and perhaps insufficient prior discovery) prevents plaintiffs from producing the evidence the court requested, and, relatedly, whether appropriate sanctions pertaining to that lack of evidence are warranted against defendants. *See Grunberg v. City of New Orleans*, 1994 WL 574194, at *2 (5th Cir. 1994) (unpublished, but precedent pursuant to 5TH CIR. R. 47.5.3) ("If precise evidence of hours worked by the employee is not available due to the employer's failure to keep adequate records, the employee may satisfy his burden with admittedly inexact or approximate evidence." (citation omitted)); *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1012–13 (5th Cir. 1987) (affirming default judgment where defendant answered, denied liability, and asserted affirmative defenses, but because defendant subsequently failed to comply with discovery orders, court struck defendant's pleadings as sanctions and granted plaintiff default judgment).

## III.

For the foregoing reasons, we VACATE and REMAND for further proceedings consistent with this opinion.