# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
February 8, 2011

No. 10-30245

Lyle W. Cayce
Clerk

KIMBERLY BYNUM,

Plaintiff - Appellant

v.

SELTON USSIN, Fire Chief, Herbert Wallace Memorial Volunteer Company, in his individual capacity; HERBERT WALLACE MEMORIAL VOLUNTEER FIRE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Kimberly Bynum brought this action under 42 U.S.C. § 1983 after her employment with the Herbert Wallace Memorial Volunteer Fire Company was terminated. She sued both the Fire Company and its Fire Chief, Selton Ussin, for allegedly terminating her job in retaliation for her complaints about the Fire Company's accounting discrepancies. The defendants moved for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30245

summary judgment and Bynum failed to file a response to the motion. The district court accordingly granted summary judgment for the defendants. Contending that her failure to oppose the motion was due to excusable neglect, Bynum moved for relief from the judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure. The district court denied the motion and Bynum now challenges that denial.[1] We AFFIRM.

I

The Fire Company, a non-profit corporation that provides fire protection services in Jefferson Parish, Louisiana, hired Bynum as an administrative secretary in 2003. Ussin was hired as Fire Chief in 2006, and he was Bynum's immediate supervisor until her employment was terminated in February 2008. Although the Fire Company claimed that her termination was based on work performance, Bynum believed that she was let go because she had lodged formal complaints about the company with the Parish. Bynum filed the underlying § 1983 suit later that year, alleging that her termination violated her First Amendment rights.

In October 2009, the defendants moved for summary judgment on the ground that they were not state actors for purposes of § 1983. Bynum requested a continuance, citing a need for additional discovery on the issues raised in the summary judgment motion. The district court granted the extension. As the hearing date neared, Bynum requested a further continuance, again citing a need for additional discovery. In December 2009, the district court granted the second continuance but stated it would grant no more extensions.

---

[1] Bynum does not challenge the district court's grant of summary judgment and therefore we do not address the propriety of that order.

2

No. 10-30245

The new hearing date on the defendants' summary judgment motion was set for late January 2010.[2]  Under the time limits established in the local rules, Bynum had until January 19 to file a response to the motion.  She failed to do so, and on January 22, the district court summarily granted the defendants' motion as unopposed.

On January 28, Bynum's attorney moved for relief from the order under Rule 60(b)(1) of the Federal Rules of Civil Procedure.  He argued that his failure to timely file an opposition to the summary judgment motion was excused under that rule because of a family emergency: his uncle was admitted to an intensive care unit on January 15, and died on January 25.  The attorney, being the sole local relative of the uncle, was preoccupied during that ten-day period with hospital visits and related matters, and therefore neglected to timely file the opposition papers.  He acknowledged in his request for relief that he had been fully aware of the January 19 due date.  Indeed, he claimed that he arranged to meet Bynum on January 18 or 19 to finalize the documents, and that he recalled filing them on January 19.  It was only when the district court notified him on January 20 that the deadline had passed that he realized his omission.  The attorney further claimed that he then filed the opposition papers on January 20, or thought he did, and could not explain why the filing had not occurred.  Citing *Pioneer Investment Serv. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), Bynum's attorney asserted that his circumstances merited relief from the district court's grant of summary judgment to the defendants. The district court denied the motion, and this appeal followed.

---

[2] The defendants filed a second motion for summary judgment in December 2009, presenting an alternate ground for relief: that the Fire Company did not learn of Bynum's complaints until after it had decided to terminate her.  This alternate motion was set for hearing on the same date as the defendants' first motion.

No. 10-30245

II

The "decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court," and thus we review only for abuse of discretion. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). "[T]o overturn the district court's denial" of relief, "it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006) (internal quotation marks omitted).

In *Pioneer*, the Supreme Court stated that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Id.* While *Pioneer* concerned the bankruptcy rules, we have applied these factors to requests for relief under Rule 60(b)(1). *See Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

Here, as the district court noted, Bynum's attorney appears to admit that he overlooked his responsibilities when he failed to timely file a response to the defendants' motion. He acknowledges that he was fully aware of the January 19 due date, and that he even met with Bynum to finalize the documents on January 18 or 19. He also claims to have filed the documents, albeit unsuccessfully, on both January 19 and 20. Given the breadth of his activity and focus on the litigation during this time, Bynum's attorney offers no satisfactory explanation for his failure to even request additional time from the district court. We also note that Bynum was granted two continuances on the defendants' motion, giving her a total of 97 days to file her opposition papers. And she was

4

No. 10-30245

notified in December 2009—sufficiently in advance of her attorney's family emergency—that she would have to submit her opposition by January 19. Applying the *Pioneer* factors to these circumstances, we cannot say that the district court abused its discretion in finding that her attorney's neglect did not merit relief under Rule 60(b)(1).

## III

We conclude that the district court was well within its discretion to deny relief under Rule 60(b)(1), and AFFIRM.