# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30175
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2016

Lyle W. Cayce
Clerk

OBADIAH FRANCOIS; MATTHIAS FRANCOIS,

　　　　Plaintiffs - Appellants

v.

CITY OF GRETNA,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2640

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

　　Plaintiffs-Appellants Obadiah Francois and Matthias Francois ("Plaintiffs"), proceeding *pro se*, appeal the district court's order dismissing their suit against Defendant-Appellee City of Gretna ("Gretna") without prejudice for failure to prosecute.  For the reasons below, we AFFIRM.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30175

On May 7, 2013, Plaintiffs filed suit against Gretna, asserting various causes of actions allegedly arising from Plaintiffs' arrest by the Gretna Police Department. The district court stayed the suit until December 12, 2014, so that Plaintiffs' underlying criminal proceedings could be resolved first. After the stay was lifted, the parties filed various pretrial motions, and the court issued accompanying orders. On January 7, 2016, Plaintiffs filed a "Notice to the Court," wherein they stated as follows (capitalization modified):

> [D]ue to all of Plaintiff's motions being denied by this court Plaintiff's will not participate in any more further proceedings. Plaintiff's will will [sic] not appear in court for the pre trial phase or the trial phase of this case. I have a premonition that this court is going to dismiss my law suit. This court has shown me way too much prejudice and discrimination for me to keep on playing along like I'm going to get justice from a prejudice court like this, so with that being said, Plaintiffs are just waiting for this honorable court to make its final ruling so Plaintiff's can bring their case to the higher courts to receive justice for the civil rights violations caused by Gretna city. I oppose any motion to dismiss this case.

On February 12, 2016, the district court scheduled a status conference for February 17, 2016, specifically ordering that "<u>both</u> pro se plaintiffs must attend in person." Plaintiffs failed to appear at this status conference. That same day, the district court dismissed the suit without prejudice for failure to prosecute. In the order of dismissal, the district court noted Plaintiffs' failure to appear and stated, "The Court was informed by staff that the plaintiffs were notified by mail and telephone of today's conference and aware of their required presence."

Plaintiffs now appeal, contending the district court erred in dismissing their suit based solely on their failure to appear at the status conference. In support of this contention, Plaintiffs state that their failure to attend was an inadvertent mistake, that such failure was not part of a pattern of

2

noncompliance, that they are novice at litigation, and that they are indigent without any transportation resources.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b)) (citing *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). We review such a dismissal for abuse of discretion. *McCullough*, 835 F.2d at 1127.[1]

Plaintiffs notified the district court of their intention to not participate in any further district court proceedings. Thereafter, Plaintiffs failed to appear at a status conference as specifically ordered to do. "Failure to attend a hearing is a critical default," and "[t]rial courts must be allowed leeway in the difficult task of keeping their dockets moving." *Id.* at 1126–27 (affirming dismissal without prejudice when the plaintiff, proceeding *pro se*, failed to appear at a status conference). For these reasons, we conclude the district court did not abuse its discretion in dismissing without prejudice. AFFIRMED.

---

[1] If "the applicable statute of limitations probably bars future litigation," a dismissal without prejudice is reviewed under the more exacting standard applicable to dismissals with prejudice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Here, Plaintiffs do not contend the statute of limitations has run on any of their claims. Therefore, the court will not review the district court's dismissal without prejudice under the dismissal with prejudice standard.