# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2021

Lyle W. Cayce
Clerk

No. 20-11002

Casey Campbell,

*Plaintiff—Appellant*,

*versus*

Robert M. Wilkinson, Acting U.S. Attorney General;
William Onuh,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-00638

Before Haynes, Willett, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Plaintiff brought claims of discrimination and retaliation under Title VII of the Civil Rights Act. The district court dismissed the suit under Federal Rule of Civil Procedure 41(b) on the ground that Plaintiff's counsel failed to retain local counsel as required by local rules. We hold that dismissal was unwarranted and therefore reverse and remand for further proceedings.

No. 20-11002

## I.

Casey Campbell filed this lawsuit in the Northern District of Texas, alleging discrimination and retaliation by his employer, the Federal Bureau of Prisons, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

A few days later, the district court's Electronic Case Filing (ECF) system reminded Campbell's counsel that, "if necessary, [attorneys] must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice." Local Rule 83.10(a) of the Northern District of Texas states that, absent leave of court or an applicable exemption, "local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district."

Campbell's counsel neither resides nor maintains his office in the Northern District of Texas. Yet counsel did not obtain local counsel. Nor did he ask the court to waive the rule. Nor did he inform his client of the ECF notice or the local rule, or of his intention not to comply with either. He simply made a unilateral determination that the local rule did not apply to him, because he has practiced for decades in the Northern District of Texas, and because he currently lives and offices less than ten miles away in the neighboring Eastern District of Texas.

Approximately six weeks after issuing the ECF notice, the district court reviewed the record, determined that counsel was not in compliance with the local rule, and dismissed the case without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

In response, counsel filed a motion to reconsider the dismissal and a motion to proceed without local counsel. The district court denied both motions. In doing so, the court noted that 45 days had elapsed between the

No. 20-11002

ECF notification and the court's order of dismissal, without counsel either obtaining local counsel or requesting leave to proceed without local counsel.

## II.

Dismissal of Plaintiff's Title VII claim under Rule 41(b) of the Federal Rules of Civil Procedure was not warranted. To understand why, however, we must examine both the text of Rule 41(b) and various past decisions of our court.

Under Rule 41(b), "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion. *See*, *e.g.*, *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). The question nevertheless remains whether this particular dismissal on the district court's own motion was warranted under Rule 41(b).

This case does not involve a violation of either "these rules"—that is, the Federal Rules of Civil Procedure—or "a court order." FED. R. CIV. P. 41(b). It involves the violation of a local rule. But Rule 41(b) does not mention local rules. This absence of any express reference to "local rules" in Rule 41(b) thus raises the question whether it is ever appropriate to invoke Rule 41(b) based on nothing more than the violation of a local rule.

Outside the Rule 41(b) context, we have observed that "[a] local rule must be adopted by a majority of the district judges and followed by all, in effect serving as a standing order within the district," and that a local rule is accordingly equivalent to "a court order." *Jones v. Central Bank*, 161 F.3d 311, 313 (5th Cir. 1998). *But see id.* at 313–14 (Smith, J., dissenting) (noting that various provisions of the Federal Rules of Civil Procedure, including Rules 6, 26, 30, 73, and 77, expressly apply to both court orders and local

rules, and thus "indicate, with precision, that court orders are not the same things as local rules").

We have not taken that approach within the Rule 41(b) context, however. In *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), we reaffirmed that a "dismissal of plaintiff's suit for failure to file a motion for default judgment, as required by local rule, [is] treated as dismissal for failure to prosecute" under Rule 41(b). *Id.* at 1190 (citing *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 326–27 (5th Cir. 1987)).

So *Berry* did not dismiss under Rule 41(b) because a "local rule is a court order." *Jones*, 161 F.3d at 313. Rather, *Berry* dismissed because it held that the particular violation of local rule presented there should be "treated as dismissal for failure to prosecute"—as permitted under the plain text of Rule 41(b). 975 F.2d at 1190 (citing *Williams*, 828 F.2d at 326–27).

Our decision in *Berry* to analyze the local rule violation as a failure to prosecute, rather than as a violation of court order, could be decisive here. After all, unlike the local rule violated in *Berry*, it is harder to characterize a violation of the local rule presented here as a failure to prosecute.

In *Berry*, counsel failed to comply with a local rule that required the plaintiff to move for default judgment. Had the plaintiff complied with that rule, the case would have been terminated. So the court had some basis for treating the plaintiff's failure to move for default judgment, as required by local rule, as a failure to prosecute. *See id.* ("A dismissal for failure to file a motion for default judgment is equivalent to a dismissal for failure to prosecute. . . . [W]e treat the dismissal of Berry's suit for failure to prosecute as an involuntary dismissal under Fed. R. Civ. P. 41(b).").

Failure to hire local counsel, by contrast, does not affect the timing or resolution of proceedings. So the rationale underlying *Berry*—that a violation

No. 20-11002

of a local rule might constitute a failure to prosecute—does not appear to fit the local rule violation presented here.

And even if we ultimately concluded that *Berry* applies here, dismissal of Plaintiff's Title VII claim was demonstrably unwarranted. That is because *Berry* sets forth a strict framework that district courts must meet to justify dismissal with prejudice—and one that the district court plainly failed to meet here.[1]

Although we review a dismissal for failure to prosecute for abuse of discretion, we recognize that dismissal with prejudice is a severe sanction. Accordingly, we are careful to limit a district court's discretion to dismiss a case with prejudice. *See*, *e.g.*, *Berry*, 975 F.2d at 1191; *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

As *Berry* makes clear, "[w]e will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." 975 F.2d at 1191.

---

[1] We acknowledge that the district court here dismissed this suit without prejudice. But we "treat the dismissal of [Campbell's] case as a dismissal with prejudice." *Id.* at 1191. That is because, "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'" *Id.* (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)). Campbell's Title VII claim is subject to a 90-day limitations period. Where, as here, a Title VII complaint pursuant to an EEOC right-to-sue letter is later dismissed, the 90-day limitations period is not tolled. 42 U.S.C. § 2000e-5(f); *Berry*, 975 F.2d at 1191. So Campbell is time-barred from bringing his suit again.

Moreover, in most cases where we have affirmed a dismissal with prejudice, we have found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quotations omitted).

This case fails this analytical framework at every turn. To begin with, there is no "clear record of delay or contumacious conduct *by the plaintiff*" in this case. *Id.* Indeed, counsel did not inform Campbell about Local Rule 83.10(a) or the ECF notification. Counsel simply made a unilateral determination not to hire local counsel, based on his conclusion that the local rule did not apply to him. So the failure to comply with local rules here falls entirely on counsel.

It is also far from obvious that the amount of time elapsed here is sufficient to constitute a "clear record of delay" in any event. *Id.* After all, "[t]he decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays." *Rogers v. Kroger Co.*, 669 F.2d 317, 320–21 (5th Cir. 1982) (collecting cases involving multi-year delays). In *Berry*, by contrast, we concluded that the short delay there was insufficient to constitute a "clear record of delay." 975 F.2d at 1191. Here, the district court did not explain why a mere 45-day delay, without more, justified the severe sanction of dismissal with prejudice. *Cf. Price*, 792 F.2d 474–75 (upholding a dismissal for a delay of almost a full year where counsel also failed to file a pretrial order and failed to appear at a pretrial conference).

And even setting all that aside, there is no indication that the district court either "employed lesser sanctions that proved to be futile" or "expressly determined that lesser sanctions would not prompt diligent prosecution." *Berry*, 975 F.2d at 1191.

No. 20-11002

Nor is there any record evidence to establish any of the aggravating factors discussed in *Berry*: The delay here was caused entirely by counsel, not by Campbell. Defendants were not prejudiced because, as of the date of dismissal, no responsive pleadings were due and neither defendant had appeared in the case. And there is no evidence that counsel intended to delay proceedings. He may have wrongly concluded the local rule did not apply to him. But he was otherwise ready and prepared to litigate Campbell's case himself.

In sum, the record shows neither a clear record of delay or contumacious conduct, nor the futility of lesser sanctions, nor any aggravating factor.

Dismissal of Plaintiff's Title VII claim under Rule 41(b) was unwarranted here. We therefore reverse and remand for further proceedings.[2]

---

[2] Campbell also appealed the denial of his motion for leave to proceed without local counsel, filed together with his Rule 59 motion. He contends that his attorney's long experience with the Northern District of Texas and close proximity to the courthouse should have supported an exemption from the local counsel requirement. We leave this issue for the district court to address in the first instance on remand.