# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-10148

———————————

William Jones; Kelli Jones,

*Plaintiffs—Appellants*,

*versus*

Meridian Security Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-724

_____

Before King, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

William Jones and Kelli Jones asserted five causes of action against Meridian Security Insurance Company arising from Meridian's partial denials of two separate insurance claims. The district court dismissed the suit without prejudice under Federal Rule of Civil Procedure 41(b) on the ground that William and Kelli Jones's counsel failed to comply with a local rule

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10148

requiring the retention of local counsel. We hold that the district court did not abuse its discretion in dismissing the suit and AFFIRM.

I

On or about March 18, 2020, a tornado event occurred at or near the property of William and Kelli Jones (collectively, "Plaintiffs"), causing physical damage. Subsequently, on or about May 16, 2021, a windstorm and hail event occurred at or near Plaintiffs' property, causing further damage. Plaintiffs were insured through Meridian Security Insurance Company ("Defendant"). This case arose out of three partial denials of two separate and independent insurance claims filed with Defendant as a result of these events.

On July 15, 2022, Plaintiffs filed their Original Petition in the 271st Judicial District Court of Wise County, Texas, Case No. CV22-07-514, alleging five causes of action relating to three separate partial denials of coverage.[1] On August 19, 2022, Defendants timely removed the case to the United States District Court for the Northern District of Texas. That same day, the district court's Electronic Case Filing system reminded both parties' counsel that, "if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice." According to Local Rule 83.10(a) of the Northern District of Texas, absent leave of court or an applicable exemption, "local

---

[1] The partial denials occurred on July 20, 2020 (denying coverage for alternate living expenses and loss of use); November 18, 2021 (denying coverage for interior water damage); and May 27, 2022 (denying coverage for window damage).

For each of the partial denials, Plaintiffs asserted five separate causes of action: (1) breach of contract; (2) violation of the Texas Insurance Code; (3) violation of the Texas Deceptive Trade Practices Act; (4) violations of the Texas Administrative Code; and (5) breach of the duty of good faith and fair dealing.

No. 23-10148

counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district."

At the time of Defendant's removal to the district court, Plaintiffs were represented by Nicole S. Terrill, a Texas-based attorney. However, in late December 2022, Ms. Terrill unexpectedly resigned. Plaintiffs filed a Notice of Appearance on January 3, 2023, designating Sophia Johnson, a Louisiana-based attorney, as their lead—and only—counsel. Accordingly, as of the time of Ms. Terrill's resignation and the subsequent appointment of Ms. Johnson, Plaintiffs were not in compliance with the local rule.

On January 4, 2023, the district court reviewed the record and determined that Plaintiffs were in violation of the local rule. The court ordered Plaintiffs to, "no later than 5:00 PM on January 6, 2023, . . . file the entry of appearance of local counsel satisfying the requirements of Local Rule 83.10(a). Failure to do so [would] result in sanctions amounting to $250 per day without local counsel after January 6, 2023, and/or dismissal of the action without prejudice without further notice."

Plaintiffs were unable to secure counsel by the deadline. As a result, Plaintiffs filed a Motion for Extension of Time to File Notice of Appearance of Local Counsel with the district court. On January 9, 2023, the district court denied Plaintiffs' Motion for Extension of Time and ordered that the case be dismissed without prejudice per Rule 41(b) of the Federal Rules of Civil Procedure. The order also specified that:

> Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely,

appropriately argued, and supported motion for leave to proceed without local counsel.

On January 12, 2023, after the district court's final judgment had been entered, Plaintiffs filed a Designation of Local Counsel with the court, assigning Michael A. Holmes, a Texas-based attorney, as local counsel. Plaintiffs then filed a Motion to Vacate, Alter or Amend Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59(e), arguing that (1) by its terms, Local Rule 83.10(a) automatically grants parties 14 days to designate local counsel; and (2) the dismissal without prejudice acted as a dismissal with prejudice due to the time-barred nature of their claim. Notably, however, at no point did Plaintiffs argue *why* their claim would be time-barred, provide any citations to cases or law, or even specify *which* of their claims, if any, would be time-barred. The district court denied Plaintiffs' Motion to Vacate on January 19, 2023, noting that Local Rule 83.10(a) does *not* automatically provide *any* plaintiff with 14 days to retain and designate local counsel, but only provides that time to plaintiffs who file for leave to proceed without local counsel—something that these Plaintiffs did not do. The district court also reminded Plaintiffs that, "[a]s the Court stated in its January 9, 2023 order, should the dismissal without prejudice function as a dismissal with prejudice in this case," the proper action would be to file a "timely, appropriately argued, and supported motion for leave to proceed without local counsel."

On February 8, 2023, Plaintiffs appealed the district court's dismissal under Rule 41(b). At no point did Plaintiffs file any motion for leave to proceed without local counsel.

## II

Under Federal Rule of Civil Procedure 41(b), "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff *fails to prosecute*

or to *comply with these rules or a court order.*" FED. R. CIV. P. 41(b) (emphases added). Further, it well established that Rule 41(b) permits dismissals upon the motion of the defendant or upon the court's own motion. *See Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984)).

However, Rule 41(b)'s applicability—or inapplicability—is called into question when local rules are involved. In *Campbell*, a plaintiff's discrimination and retaliation claims were dismissed without prejudice due to failure to comply with the same local rule applicable in this appeal. 988 F.3d at 799–800. Specifically, the "district court reviewed the record, determined that counsel was not in compliance with the local rule, and dismissed the case without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 800. On appeal, this court noted that Rule 41(b) does not explicitly mention "local rules," and raised the question of "whether it is ever appropriate to invoke Rule 41(b) based on nothing more than the violation of a local rule." *Id.* The court reasoned that when dealing with cases "[o]utside the Rule 41(b) context," local rules have been held equivalent to "a court order," but in cases discussing Rule 41(b), courts have instead treated noncompliance with local rules as "a failure to prosecute."[2] *Id.* at 800–01. However, without concretely deciding the question, the court reversed.[3] *Id.* at 800–02.

---

[2] The court cited *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), a Rule 41(b) case involving a local rule requiring dismissal if a plaintiff fails to move for default judgment after a defendant is in default for ninety days.

[3] The court noted that unlike local rule violations in other Rule 41(b) cases, such as *Berry*, that are more easily characterized as "failures to prosecute," "it is harder to characterize a violation of [Local Rule 83.10(a)] as a failure to prosecute." *Campbell*, 988 F.3d at 801. Regardless, the court concluded that even if *Berry*'s test—i.e., the same test as for reviewing a dismissal with prejudice—did apply, "dismissal of Plaintiff's Title VII claim was [still] demonstrably unwarranted." *Id.* Thus, the court applied *Berry*'s more

No. 23-10148

We, like the *Campbell* court, also do not—and need not—decide that question. In *Campbell*, after determining that counsel was not in compliance with the local rule, the district court simply dismissed the case. Here, however, after determining that counsel was not in compliance with the local rule, the district court first *issued an order* directing Plaintiffs to comply with the local rule. Only after Plaintiffs failed to comply with the district court's January 4 order did the district court dismiss their complaint without prejudice. In short, this case falls squarely within Rule 41(b)'s "court order" language. Accordingly, we review the appeal as a failure to comply with a court order under Rule 41(b).

## III

We review a Rule 41(b) dismissal for failure to comply with a court order for abuse of discretion. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008)). Ordinarily, when a district court dismisses a suit without prejudice, "we would apply a less stringent standard of review . . . , because the plaintiff would be able to file his suit again." *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976). "Where, however, the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice." *Id.* at 213. Accordingly, in those cases, "our examination is searching, and we review the dismissal as we would a dismissal with prejudice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

––––––––––––––––––––––––––––

stringent standard of review without concluding that the standard is *always* applicable in 41(b) cases. *Id.* at 801–02.

On appeal, the parties dispute which standard of review applies. Plaintiffs contend that the more exacting "with prejudice" standard of review should apply because "their claim is time-barred." In response, Defendant argues that Plaintiffs failed to properly raise any time-bar issue before the district court and before this court on appeal. Specifically, Defendant contends that Plaintiffs failed to describe *which* of their claims specifically are time-barred, *how* they are time-barred, and *why* they are time-barred. Based on this, Defendant argues that Plaintiffs forfeited the argument that a more exacting standard of review applies. We agree.

## A

"It is indeed the general rule that issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000). To satisfy this mandate, the lower court must be "*fairly* put on notice as to the *substance* of the issue." *Id.* (emphasis added). However, while "we have not required litigants to prove definitively that the statute of limitations would bar refiling of claims before treating a dismissal without prejudice as one with prejudice," our cases have noted that plaintiffs *at least* brought up or discussed the specific applicable statutes of limitations and tolling provisions at the district court level. *See Bullard v. Burlington N. Santa Fe Ry. Co.*, 368 F. App'x 574, 579–80 (5th Cir. 2010) (per curiam) (unpublished) (explaining that "[i]n the Bullard Plaintiffs' motion for reconsideration—their earliest opportunity to do so—they requested that the district court consider the statute of limitations and accompanying tolling provisions" and that "the Bullard Plaintiffs brought [the applicable statute] to the attention of the district court in their motion for reconsideration"); *see also F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("As we have held, if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district

court. If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal."); *Thrasher v. City of Amarillo*, 709 F.3d 509, 510–11, 514 (5th Cir. 2013) (discussing that the parties litigated, and the district court was able to determine, the applicable statute of limitations); *cf. William v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987) ("Williams apparently did not advise the district judge, who dismissed the case without prejudice, that the statute of limitations had run on his Title VII claim.").

Here, Plaintiffs' earliest opportunity to argue their time-bar issue was in their Motion for Extension of Time to Obtain Local Counsel, which Plaintiffs filed after the district court's January 4 order threatening to dismiss the action without prejudice. That motion was silent on the issue. Instead, Plaintiffs waited until they filed their subsequent Motion to Vacate, Alter or Amend Judgment of Dismissal to first mention a potential time-bar issue. Further, that Motion, in relevant part, simply stated that "[a]lthough the Court entered an order of dismissal without prejudice, if *a claim* will be time-barred from further litigation, it is reviewed with the same scrutiny as a dismissal with prejudice." Noticeably missing from that motion, or anywhere else in the record below, is an argument that any of *their* claims would be time-barred. Plaintiffs did not provide the district court with any applicable statutes of limitations, citations to the record, citations to authority, or any reasoning as to why any specific one of *their* claims would be time-barred.

Moreover, Plaintiffs were told *twice* by the district court that "should the dismissal without prejudice function as a dismissal with prejudice in this case, . . . *such as when a suit would be time-barred if plaintiff were forced to refile*[], Plaintiff must notify the Court in a timely, appropriately argued, and supported motion . . . ." Both times Plaintiffs did not file any motions directed at the time-bar issue; Plaintiffs only filed the above-mentioned Motion for Extension of Time and their Notice of Appeal.

Simply stating that a claim is time-barred with no legal or record support does not "fairly put [the lower court] on notice as to the substance of the issue." *See Nelson*, 529 U.S. at 469. Thus, we hold that Plaintiffs forfeited their argument that a more exacting standard applies.

B

Even assuming, *arguendo*, that Plaintiffs' actions in the lower court were sufficient to preserve their time-bar argument, their actions on appeal were not. An appellant's brief must contain an argument setting forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 952 F.3d 708, 711 n.3 (5th Cir. 2020) (quoting *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992)). This court will usually find abandonment for lack of support when an appellant does not cite any authority at all. *See, e.g.*, *United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003) (finding abandonment for failure to cite a single authority); *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992) (finding abandonment for failure to provide "any analysis whatsoever").

Here, Plaintiffs' brief states a total of four times that their "claim" is time-barred, without providing "any analysis whatsoever."[4] "'As a court for

---

[4] In Plaintiffs' "Statement of the Case," Plaintiffs assert that the lawsuit "arises from two separate and independent insurance claims, the earliest of which is now time-barred." Later, in their "Summary of the Argument," Plaintiffs asserted that their claim was "otherwise time-barred," and that "in the present case, [Plaintiffs'] claim [is] time-barred." Finally, in the "Conclusion," Plaintiffs state that their "claim is time-barred." At no other point do Plaintiffs discuss their claim being time-barred. Likewise, at no point do Plaintiffs provide any cases, arguments, or statutes in support of their contention that their claim is time-barred.

review of errors,' we do 'not . . . decide facts or make legal conclusions in the first instance,' but 'review the actions of a trial court for claimed errors.'" *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (alteration in original) (quoting *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991)). Plaintiffs abandoned their time-bar argument on appeal by failing to properly address the issue. Consequently, we apply a less exacting standard of review.

## IV

A review of the record shows no abuse of discretion by the district court. "The district court has broad discretion in controlling its own docket." *Edwards v. Cass County*, 919 F.2d 273, 275 (5th Cir. 1990). On January 4, 2023, Plaintiffs were not in compliance with Local Rule 83.10(a), and the district court ordered Plaintiffs to designate counsel within two days that would satisfy the Rule's mandate. Plaintiffs attempt to argue on appeal that Rule 83.10(a) "gives attorneys requesting leave of 14 days to designate counsel." However, as noted by the district court, this is incorrect. Rule 83.10(a) only provides a 14-day grace period to plaintiffs who file for leave to proceed without local counsel and are denied—Plaintiffs here never filed for leave to proceed without local counsel.

Moreover, the district court specifically provided Plaintiffs with not one, but *two* opportunities to file for leave to proceed without local counsel and to receive the very relief that they seek on appeal. Plaintiffs failed to do so. Accordingly, because Plaintiffs failed to timely comply with the district court's order, the district court was free to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 41(b).

## V

We find no reversible error in the district court's decision to dismiss Plaintiffs' case under Rule 41(b). Accordingly, we AFFIRM.