# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-30707
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2024

Lyle W. Cayce
Clerk

Elvelyn Smith, *on behalf of her minor son*,

> *Plaintiff—Appellant*,

*versus*

Bogalusa City; Bogalusa Police Department; Bogalusa City Schools,

> *Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-3380

———————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Elvelyn Smith, appeals the district court's order dismissing her complaint without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30707

## I.

On September 20, 2022, Smith filed a complaint, on behalf of her minor child, against the city of Bogalusa, the Bogalusa Police Department, and the Bogalusa School Board (collectively "Defendants"). Smith's complaint alleges that on September 21, 2021, police officers with the Bogalusa Police Department "violently attacked" her son at the Bogalusa High School. The complaint additionally states that the Bogalusa School Board failed to protect Smith's son, who at the time of the alleged beating was a special needs student at the high school. Smith asserts claims under 42 U.S.C. § 1983 for excessive force, state law claims for battery, intentional infliction of emotional distress, and negligence, and claims under the Americans with Disabilities Act ("ADA").

On February 16, 2023, Smith's counsel, Carl Perkins, failed to call into a scheduling conference set by the district court. Later that day, the district court issued an order continuing the scheduling conference to March 2, 2023, "[d]ue to the unavailability of counsel for plaintiff." The court's order also advised that "[f]ailure of plaintiff's counsel to appear may result in **DISMISSAL** of the case, without any further notice, for failure to prosecute." A few days later, Perkins informed the court that he intended to withdraw as counsel and have new counsel enroll. However, by March 2, no additional counsel for Plaintiff had enrolled, and Perkins again did not call into the rescheduled conference.

On March 6, 2023, the district court ordered Smith to submit in writing, within fourteen days, why her case should not be dismissed for failure to prosecute. The court warned that failure to comply with this show cause order may result in the dismissal of Smith's case without further notice. Rather than reply to the order, Smith filed a motion to enroll Lillian Ratliff as additional counsel of record, explaining that Perkins, her counsel of

2

record, was undergoing "intense radiation treatment for prostate cancer in Texas" and has "not had the opportunity to file the documents to . . . withdraw from this matter." The district court granted Smith's motion to enroll additional counsel and scheduled a conference for April 27, 2023. Due to a conflict in the court's calendar, the conference was reset for May 4, 2023. On May 4, neither party called into the scheduling conference.

On May 15, 2023, the district court *sua sponte* dismissed Smith's claims for want of prosecution under Rule 41(b). The dismissal was without prejudice. The court noted that Smith's counsel had failed to attend three scheduling conferences, causing the case to remain stagnant without any deadlines. And although the court explained it was "sympathetic to Mr. Perkins' illness, he is still enrolled in this matter and maintains a duty to his client and to this Court," and that Smith's "additional counsel, Lillian Ratliff, also failed to appear at the most recent scheduling conference."

In response, Plaintiff's additional counsel, Ratliff, filed a motion to reconsider or, in the alternative, a motion for leave to refile and to waive the filing fee, explaining that she called in twenty-one minutes late to the May 4 conference because she was stuck in "congested traffic" and unable "to exit the interstate in a safe manner." The district court denied the motion. Smith timely appealed.

## II.

A district court may *sua sponte* dismiss an action for failure to prosecute or comply with a court order with or without notice to the parties.[1] We review such dismissals under Rule 41(b) for abuse of discretion.[2] When

_____

[1] Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

[2] *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021).

No. 23-30707

a district court dismisses a suit *without* prejudice, we "apply a less stringent standard of review . . . , because the plaintiff would be able to file his suit again."[3]    However, "[w]hen a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation, our examination is searching, and review the dismissal as we would a dismissal with prejudice."[4]    Here, the district court specified that dismissal was without prejudice, and Smith does not contend that the statute of limitations has run on any of her claims.[5]    To the contrary, Smith filed a motion for reconsideration of the dismissal or alternatively for leave to refile the suit, suggesting that her claims are not time-barred.    Accordingly, we apply the less exacting standard of review to the district court's dismissal.[6]

On appeal, Smith argues that her counsel had "good cause" for not attending the scheduling conferences and that her counsel's twenty-one-minute delay in calling into the third rescheduled conference is not grounds for dismissal for failure to prosecute.    Additionally, Smith argues that a district court may not dismiss a case for failure to prosecute unless the case

---

[3] *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).

[4] *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (internal quotation marks and citation omitted).

[5] A plaintiff "forfeit[s] the argument that a more exacting standard of review applies" to a Rule 41(b) dismissal without prejudice based on the statute of limitations by failing "to describe *which* of their claims specifically are time-barred, *how* they are time-barred, and *why* they are time-barred." *Jones v. Meridian Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145, at *3 (5th Cir. Oct. 5, 2023) (per curiam) (unpublished).

[6] *McCullough*, 835 F.2d at 1126–27 (applying the abuse of discretion standard because the district court order was without prejudice and there was "no indication that the statute of limitations on [plaintiff's] action has run"); *see also Francois v. City of Gretna*, 668 F. App'x 574, 575 n.1 (5th Cir. 2016) (per curiam) (unpublished) (refusing to review the district court's dismissal without prejudice under the heightened dismissal with prejudice standard because plaintiffs did not contend the statute of limitations had run on their claims).

has been delayed for six months and the court gives notice to the parties. Both of Smith's arguments lack merit.

The district court acted within its discretion by dismissing Smith's case without prejudice. In *McCullough v. Lynaugh*, this Court affirmed a district court's dismissal without prejudice due to a *pro se* plaintiff's failure to attend a status conference, even though the plaintiff had up to that point been conscientiously litigating his case.[7] In affirming the dismissal, we emphasized that "[f]ailure to attend a hearing is a critical default," and that in "such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving."[8] Here, the grounds for dismissal are even stronger. Specifically, unlike in *McCullough*, Smith's counsel missed three conferences and did not respond to the court's show cause order.[9] Such failures are particularly notable given that counsel received two warnings from the court that failure to appear could result in the dismissal of the case without further notice. Moreover, as in *McCullough*, because the dismissal is without prejudice, Smith "has not suffered prejudicial harm resulting from the dismissal."[10]

For these reasons, the district court did not abuse its discretion in dismissing Smith's complaint without prejudice under Rule 41(b). Accordingly, we AFFIRM.

_____

[7] *McCullough*, 835 F.2d at 1126–27; *see also Francois*, 668 F. App'x at 575–76 (concluding the district court did not abuse its discretion in dismissing *pro se* plaintiffs' suit for failure to appear at a status conference).

[8] *McCullough*, 835 F.2d at 1127.

[9] Although Smith's appellate brief focuses on the reasons her counsel did not attend the three scheduling conferences, she does not address the fact that her counsel never responded in writing to the district court's show cause order.

[10] *Id.*