# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2025

Lyle W. Cayce
Clerk

No. 25-10498
Summary Calendar

———————

Kathryn Copeland,

*Plaintiff—Appellant*,

*versus*

Judge Jesus Nevarez, Jr., *in his individual capacity*,

*Defendant—Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-137

———————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

A district court may dismiss a suit under Federal Rule of Civil Procedure 41(b) if the plaintiff "fails…to comply" with a "court order." The district court here dismissed Kathryn Copeland's suit under Rule 41(b) because she failed to comply with its order to retain local counsel as required by the local rules. *See* Local Rule 83.10(a).

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We have previously questioned the propriety of dismissing under Rule 41(b) where the violation is limited *only* to the local rules. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021). In *Campbell*, "after determining that counsel was not in compliance with the local rule, the district court simply dismissed the case." *Jones v. Meridian Sec. Ins. Co.*, 2023 WL 6518145, at *3 (5th Cir. Oct. 5, 2023).

But this case is more straightforward because the district court first warned Copeland that she was out of compliance with the local rules and that noncompliance would risk dismissal of her case. Her decision thus violated not just the local rules but a "court order." As a result, Copeland's failure to comply falls plainly within Rule 41(b). *Id.*

And because Copeland also failed to follow the district court's instruction to notify it if the dismissal would be the functional equivalent of dismissal with prejudice, that argument is forfeited on appeal. *Id.* at *3–4.

Accordingly, we treat the dismissal as without prejudice and affirm.