# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2026

Lyle W. Cayce
Clerk

No. 25-10977

Francisco Deras,

*Plaintiff—Appellant*,

*versus*

Johnson & Johnson Services, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-812

_____

Before Smith, Wiener, and Higginson, *Circuit Judges*.
Jacques L. Wiener, Jr., *Circuit Judge*:

This case arises from a labor dispute under the Fair Labor Standards Act ("FLSA"), in which Plaintiff-Appellant Francisco Deras asserted claims for unpaid wages and recordkeeping violations against Defendant-Appellee Johnson & Johnson Services, Incorporated ("Johnson & Johnson"). The sole issue on appeal, however, involves a procedural error by Deras's counsel in failing to comply with a local rule of the district court. We decline to adopt the district court's expansive reading of circuit precedent, so we VACATE the district court's orders denying Deras's Motions to Reopen the Case, and REMAND for further proceedings.

No. 25-10977

## I.

The United States District Court for the Northern District of Texas requires litigants to comply with Local Rule 83.10(a), which requires that attorneys who appear in a case but neither reside nor maintain an office in the district must appoint local counsel situated within fifty miles of the courthouse in which the case is pending. N.D. Tex. Civ. R. 83.10(a). Once a party files a case, the district court issues a notice that failure to comply with this local rule within fourteen days may result in "dismissal of [the] case without prejudice or without further notice." *See Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *Jones v. Meridian Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145, at *1 (5th Cir. Oct. 5, 2023) (per curiam).

On July 30, 2025, Deras's attorney filed the underlying FLSA suit in the district court's Fort Worth Division. Deras's attorney neither resides nor maintains an office within fifty miles of that division's courthouse. On that same day, the district court electronically issued notice of that very rule to Deras's attorney: Appoint local counsel within fourteen days or risk dismissal. As the result of an "isolated calendaring error," however, Deras's attorney never appointed local counsel before the deadline. Consequently, on August 14, 2025, the district court dismissed Deras's case without prejudice, under Federal Rule of Civil Procedure 41(b).

Referring to the electronic case notes as an "order" that "warn[ed]" Deras of dismissal, the district court cited Deras's "failure to prosecute or comply with the rules of civil procedure or [the] court's orders" as the basis for dismissal without prejudice. In a footnote citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), the district court invited Deras to move to reopen the case "[s]hould this dismissal without prejudice function as a dismissal with prejudice in this case."

2

No. 25-10977

On the same day as the dismissal, Deras promptly moved to reopen the case under Rule 60(b)(1) and included a notice of appearance of local counsel, in compliance with Local Rule 83.10(a). Deras claimed that his attorney's mistake was the kind contemplated under Rule 60(b)(1) and applied the four-factor analysis for determining excusable neglect to these circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–96 (1993) (four factors). Citing *Campbell*, 988 F.3d at 798, and *Jones*, 2023 WL 6518145, at *1, the district court ruled that Deras did not articulate whether dismissal of his case without prejudice amounted to dismissal with prejudice. Accordingly, the district court denied the motion but invited him to refile his case.

On August 19, 2025, Deras filed a second Rule 60(b)(1) motion to reopen the case. He asserted that his circumstances, which justify relief from judgment, were distinguishable from the cases on which the district court relied in its first order—*Campbell* and *Jones*. The district court again denied the motion and explained its rationale. That court read *Campbell* to recognize that "a dismissal without prejudice which serves as one with prejudice amounts to a death penalty (or litigation ending) sanction," and issuing such a sanction for "failing to comply with the local rules" would be "demonstrably unwarranted." Therefore, to "avoid the same unfortunate circumstances" and "to protect the rights of the parties in its cases," the district court incorporated *Campbell* in its dismissal orders to "invit[e] parties to tell the [district court] if [the] dismissal without prejudice would serve as one with prejudice." The district court also determined that this court's affirmance of the dismissal below in *Jones*, which relied on *Campbell*, was analogous to Deras's case.

Deras now appeals the district court's denials, reintroducing his arguments from below that (1) the *Pioneer* factors favor granting relief from judgment and reopening the case; and (2) the isolated error in this case is

No. 25-10977

distinguishable from the facts of *Campbell* and *Jones*.[1] Johnson & Johnson did not file a response.

## II.

We review the denial of a motion for relief from judgment under Rule 60(b) under an abuse-of-discretion standard. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (en banc). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). The district court's decision "need only be reasonable." *Banning Co.*, 6 F.3d at 353.

## III.

Rule 60(b)(1) affords district courts discretion to relieve a party from a final judgment, order, or proceeding on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). And, while Deras focuses on the determinative factors of excusable neglect under Rule 60(b)(1), our review of the record leads to a different question: Did the district court apply an improper standard in considering Deras's Rule 60(b) motions?

This standard first appeared in the district court's dismissal under Rule 41(b). Citing *Berry*, its dismissal under Rule 41(b) invited Deras to file a motion to reopen the case "[s]hould this dismissal without prejudice function as a dismissal with prejudice in this case." The standard appeared

---

[1] Deras opens by asserting that the district court "abused its discretion in dismissing [his] case" and challenges its "dismissal and denial of relief." But because Deras's briefing focuses more heavily on Rule 60(b) relief and addresses dismissal only briefly, we limit our analysis to the district court's orders on Deras's motions for post-judgment relief and do not reach the propriety of the initial dismissal order.

4

again—this time in the Rule 60(b) context—when the district court denied Deras's first motion to reopen. The court reasoned that Deras presented "no such argument" in his motion demonstrating whether dismissal without prejudice amounted to dismissal with prejudice, and cited *Campbell* and *Jones* as similar grounds warranting dismissal. This standard appeared again when the district court denied Deras's second Rule 60(b) motion, explaining its rationale for requiring Deras to demonstrate that "[his] case is time barred and that the dismissal without prejudice would amount to one with prejudice." The district court did not consider Deras's arguments— particularly those that hinge on the determinative factors of excusable neglect under Rule 60(b)(1).

The district court made its standard clear: To obtain relief under Rule 60(b), Deras must demonstrate that dismissal of his case without prejudice amounts to one with prejudice. Because this is an unprecedented standard in the Rule 60(b) context, the district court abused its discretion in its consideration of Deras's motions to reopen.

The district court overlooked a crucial nuance common in *Campbell* and *Jones*: Each considered an appeal of a district court's dismissal under Rule 41(b), and *not* of a district court's denial of a Rule 60(b) motion. *See Campbell*, 988 F.3d at 800; *Jones*, 2023 WL 6518145, at *3. In other words, in neither case did we consider whether the district court abused its discretion in considering a party's excusable neglect in the Rule 60(b) context. Thus, by relying on *Campbell* and *Jones*, the district court collapsed the rules that govern our review of Rule 41(b) dismissals with those that govern Rule 60(b) motions.

To elaborate, the plaintiff's counsel in *Campbell* similarly neglected obtaining local counsel as required by Local Rule 83.10(a). *Campbell*, 988 F.3d at 800. Weeks after issuing an electronic notice, the district court

dismissed the plaintiff's case because of noncompliance with the rule. *Id.* The plaintiff then filed a motion to reconsider and a motion to proceed without local counsel, both of which were denied by the district court. *Id.* When the plaintiff appealed the district court's Rule 41(b) dismissal, we treated that dismissal without prejudice as being one with prejudice because the plaintiff's claim was time-barred. *Id.* at 801–02 & n.1. But nowhere did we impose a new rule for plaintiffs seeking relief from judgment under Rule 60(b). *See id.* 801–802. By interpreting *Campbell* to warrant imposing this additional showing in a Rule 60(b) motion, the district court abused its discretion.

Our decision in *Jones* leads to the same conclusion. There, we reviewed another appeal of a Rule 41(b) dismissal and considered an invitation substantively similar to the one that the district court here included in its dismissal of Deras's case. *Jones*, 2023 WL 6518145, at *2 (inviting litigant to demonstrate dismissal without prejudice would amount to one with prejudice). And, as in *Campbell*, we never did consider any issues that sounded in Rule 60(b) review.[2] Thus, neither *Campbell* nor *Jones* supports the district court's implicit notion that Rule 60(b) affords it the discretion to require that litigants demonstrate a dismissal without prejudice would

---

[2] Our decision in *Jones* is also distinguishable from this case. In *Jones*, the district court had issued a court order directing the plaintiffs to comply with the local rule *before* dismissing the case. *Jones*, 2023 WL 6518145, at *3. We held that this discrete court order fell squarely under Rule 41(b) to warrant dismissal, and thereby avoided the question whether a local rule requiring the appointment of local counsel alone would suffice as a "court order." *Id.* Here, the district court never issued any additional order. In its order of dismissal, the district court only referenced its electronic case notes as an "order." Notably, neither *Campbell* nor *Jones* characterizes an electronic case note as a "court order." *See Campbell*, 988 F.3d at 800 (referring to electronic case notes as a "reminder"); *Jones*, 2023 WL 6518145, at *1 (same). But this appeal does not require us to decide whether an electronic case note suffices as a "court order" under Rule 41(b), much less whether Rule 41(b) dismissal of Deras's case was proper.

amount to one with prejudice. Imposing such a requirement in the Rule 60(b) context was an abuse of discretion.

## IV.

Because the district court did not consider the relevant factors in determining whether Deras's failure to retain local counsel fell within the meaning of "excusable neglect," it abused its discretion in denying Deras's Rule 60(b) motions. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 124 (5th Cir. 2008) (vacating due to district court's lack of specific findings under Rule 60(b)(1) to guide appellate review); *see also Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (assessing *Pioneer* factors in Rule 60(b) motion for plaintiff's failure to comply with local rules). *Cf. Bynum v. Ussin*, 410 F. App'x 808, 811 (5th Cir. 2011) (affirming district court's discretion in considering *Pioneer* factors).

Accordingly, we VACATE the district court's denials of Deras's Rule 60(b) motions and REMAND for further proceedings not inconsistent with this opinion.[3]

---

[3] We recognize that the same result—denial—is possible, even after the district court considers the appropriate factors for a Rule 60(b)(1) motion. *See Groia & Co.*, 542 F.3d at 124 (acknowledging remand may end in same result). However, properly balancing the equities under Rule 60(b)(1) ensures that litigants get their days in court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. Unit A Jan. 1981).